IN RE the MARRIAGE OF:

Mary Lee HOWARD, Petitioner,

v.

Lewis HOWARD, Respondent,

STATE of Wisconsin, Appellant.

Court of Appeals

*No. 85–0762. Submitted on briefs January 3, 1986.—
Decided March 11, 1986.*

(Also reported in 387 N.W.2d 96.)

For the respondent the cause was submitted on the briefs of *Spector & Berlin* by *Sidney Spector,* of Milwaukee.

For the appellant the cause was submitted on the briefs of *George E. Rice,* Milwaukee county corporation counsel, with *Sandra K. Grady,* assistant corporation counsel, of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

SULLIVAN, J. The State of Wisconsin (the State) appeals from an oral decision, later entered as an order. We treat this as an appeal from the order. As provided by sec. 46.255(1), Stats., the clerk of court certified to the Department of Health and Social Services certain child support arrearages owed by Lewis Howard (Howard) to his former wife. The order set aside the certification, thereby preventing the State from pursuing statutory remedies to enforce payment of the arrearage from Howard's state and federal income tax refunds. Because Howard's obligation to pay past-due support continues after his children have at-

tained majority, we reverse the trial court's order and remand this case to allow the State to intercept Howard's tax refunds.

The Howards were divorced in 1968. Howard was ordered to pay support for three children. Howard accumulated arrearages of more than $22,000 over the next ten years. During that time, Howard's ex-wife and children received AFDC payments from the State. In 1978, the support order was terminated because his youngest child turned eighteen, but Howard was ordered to make weekly payments to his ex-wife towards the arrearages. Howard made some payments but did not pay off the arrearages entirely. The arrearages were assigned to the State to the extent that the State had provided support through AFDC. Howard was notified in 1984 that his state and federal income tax refunds would be intercepted to pay the State's portion of the arrearages.

Howard requested a hearing as provided by sec. 46.255(3), Stats. At the hearing, he asserted that the State could not intercept his tax refunds because his obligation to pay support terminated in 1978. Howard has not denied owing the amount claimed by the State. The family court commissioner upheld the tax refund intercept, and Howard moved for review in the circuit court pursuant to sec. 767.13 (1m), Stats.

The trial court decided that Howard was not "a person obligated to provide child support" within the purview of sec. 46.255(1), Stats., reasoning that "[a]fter attainment of majority of the youngest child of the parties, the remedy of the divorced wife for enforcing payment of arrearages . . . is a second and independent action . . . ." The court concluded that because Howard's duty to provide support terminated when his

youngest child reached majority, his arrearages were not subject to certification by the clerk. The State appeals from this order.

We first point out that this action is not the effort of Howard's ex-wife to enforce payment of arrearages. Rather, it is the effort of a state child support agency to enforce a statutory lien on state tax refunds[1] and to intercept federal tax refunds as provided by law.[2] The State is the real party in interest.[3] Certification of the State's portion of Howard's support obligation does not deprive his ex-wife of the right to collect her part of Howard's support arrearages in her own action.[4]

Applying a statute to a particular set of facts is a question of law.[5] We decide such questions independently, without deference to the trial court's determination.[6]

We agree with Howard that sec. 46.255(1), Stats., is unambiguous. We disagree, however, with his contention that he is not "a person obligated to provide child support" within the meaning of that statute. Howard maintains that because his children have reached their majority, he is no longer obligated to provide child support. He is simply wrong. Parents may not escape their court-ordered duty to support their children merely by waiting until the children reach majority.

---

[1] Section 46.255(3), Stats.

[2] *See* 42 U.S.C.S. § 664 (1985); 45 C.F.R. § 303.72 (1984).

[3] Section 767.075, Stats.

[4] *See* sec. 46.255(5), Stats.

[5] *Bitters v. Milcut, Inc.,* 117 Wis. 2d 48, 49, 343 N.W.2d 418, 419 (Ct. App. 1983).

[6] *Ball v. Dist. No. 4 Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

■ There is no support for Howard's position that sec. 46.255, Stats., applies only to a parent whose child support obligation continues to accrue. Although the extent of Howard's obligation has not grown since his children's emancipation in 1978, his obligation to pay past-due child support did not cease at that time. Rather, it remains unfulfilled. Howard still owes the money. He is therefore still obligated to pay it and thus falls within the ambit of the statute.

A provision in sec. 46.255(3), Stats., defining the issue to be determined by the court commissioner, bolsters our conclusion that Howard is "a person obligated to provide child support." Subsection (3) provides in part: "The sole issues at that hearing shall be whether the obligor owes the amount certified and, if not, whether the money withheld from a tax refund or credit shall be paid to the obligor or held for future support or maintenance." The statute requires a determination of the obligor's indebtedness apart from the existence of any current support order. Only if there is nothing due will the commissioner look to a pending support order to determine whether to hold any refund for application to future support or to pay it to the obligor. If an amount is determined to be due, the commissioner will order it paid without reference to a current support order. The "amount certified" refers to *any* arrearage, regardless of the age of the children involved at the time of collection.

■ We therefore hold that "a person obligated" under sec. 46.255(1), Stats., is a person obligated to make child support payments whether those payments are currently accruing, past due, or both. The State's statutory

right to certification and interception is not extinguished by the children's attainment of majority.

As to interception of federal refunds, the federal statute presents no ambiguity. It provides in part that "[u]pon receiving notice from a State agency . . . that a named individual owes past-due support which has been assigned to such State . . ." there is withheld "from [federal income tax] refunds an amount equal to the past-due support . . . ."[7] A federal regulation defines past-due support as "the amount of support determined under a court order . . . for support . . . of a child . . . *which has not been paid.* "[8] This statute and regulation unambiguously include all support arrearages owed by Howard regardless of the present age of the children.

█

The trial court erred in holding that sec. 46.255, Stats., applies only to those support obligations that are current and ongoing. We therefore reverse the trial court's order setting aside the certification. The State may intercept the tax refunds now held in escrow. The cause is remanded for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.

[7] 42 U.S.C.S. § 664(a)(1).
[8] 45 C.F.R. § 303.72(a) (emphasis added).