# IN RE the MARRIAGE OF:
## Patricia KRUEGER, Petitioner-Respondent,
### v.
## Terrence KRUEGER, Appellant.

Court of Appeals

*No. 85–1114. Submitted on briefs August 5, 1986.—Decided August 26, 1986.*

(Also reported in 395 N.W.2d 783.)

For the appellant, the cause was submitted on the briefs of *Thomas M. Olson* and *Olson & Olstad*, of La Crosse.

For the petitioner-respondent, the cause was submitted on the brief of *Jeffrey D. Kohl*, of La Crosse.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. Terrence Krueger appeals from an order in a tax refund intercept proceeding under sec. 46.255, Stats., directing the La Crosse County Clerk of Court to certify him as delinquent in child support payments.

## ISSUES

Terrence contends: (1) because he is current in making payments required by a stipulated order to reduce his arrearages, he is not delinquent in making court-ordered child support payments; (2) the 1983 amendment to sec. 46.255(1), Stats., which made certification mandatory, cannot nullify a prior order; and (3) the county is estopped from certifying his delinquent payments. We conclude Terrence was delinquent in child support payments when the tax refund intercept notice was given, that the 1983 amendment does not nullify the order or deprive him of vested rights, and

estoppel does not apply to the mandatory duty imposed by sec. 46.255(1). Therefore, we affirm.

## FACTS

The facts are undisputed. On January 3, 1983, Terrence was ordered to show cause why he ought not be held in contempt of court for failure to pay child support required by a divorce judgment. A stipulated order was entered March 30, 1983, under which he executed an income assignment for current support in the amount of $45 per week plus $5 per week as payment on arrearages of $6,868.

On November 8, 1984, the county child support agency pursuant to sec. 46.255(1), Stats., certified the arrearages to the Department of Health and Social Services in order to attach any state tax refund or other credit due Terrence. After a hearing under sec. 46.255(3), the circuit court held that the county child support agency is not estopped from proceeding under sec. 46.255 by reason of the stipulated order and ordered that La Crosse county certify Terrence as a person delinquent in the payment of court-ordered child support payments.

## STANDARD OF REVIEW

The case turns on construction of sec. 46.255, Stats. The application of a statute to a particular set of facts is a question of law. *Neis v. Educ. Bd. of Randolph School,* 128 Wis.2d 309, 313, 381 N.W.2d 614, 616 (Ct. App. 1985). We decide questions of law without deference to the trial court. *Id.*

## ANALYSIS

Section 46.255, Stats., provides in part:

(1) If a person obligated to provide child support or maintenance is delinquent in making court-ordered payments the clerk of court, upon application of the county designee under s. 59.07(97) or the department, shall certify the delinquent payment to the department.

(2) At least annually, the department of health and social services shall provide the certifications to the department of revenue.

### (a) *Delinquency*

Terrence contends that he is not delinquent in making court-ordered child support payments within the meaning of sec. 46.255(1), Stats, because he is current under the stipulated order. He contends that "court-ordered payments" refers to the last order of the court, the stipulated order of March 30, 1983. Terrence argues he is not "delinquent" because he has not failed or neglected to make the "court-ordered payments."

The stipulated order was entered pursuant to sec. 767.30(3), Stats., which provides:

If the party fails to pay a payment ordered under sub. (1) . . . , the court may by any appropriate remedy enforce the judgment, or the order as if it were a final judgment, including any past due payment and interest. Appropriate remedies include but are not limited to: . . . .

(b) Contempt of court under ch. 785.

The order did not modify the divorce judgment or Terrence's child support obligations. The stipulated order related to Terrence's contempt and not to "court-ordered" child support.

Both the stipulation and the order refer to "the presently outstanding arrearages." Terrence's argument that paying $5 per week towards an arrearage of $6,868 makes him current in making court-ordered payments is illogical. The stipulated order merely reduces Terrence's delinquency and does not eliminate it.

We conclude that the trial court correctly determined Terrence was delinquent in the payment of court-ordered child support payments on the date of the tax refund intercept notice.

(b) *The 1983 Amendment*

Section 46.255, Stats., was created by sec. 772, ch. 20, Laws of 1981 to supplement the child and spousal support program of sec. 46.25, Stats. As created, sec. 46.255(1) read:

> If a person obligated to provide support payments for a child is delinquent in making court-ordered payments, and the county designee authorized under s. 59.07(97) to administer the child support and paternity program is unable to secure payment after making reasonable effort, the county designee for the county in which the order was rendered may certify the delinquent payment as uncollectible to the department.

Section 46.255(1), Stats. (1981) was amended to its present form by sec. 966, 1983 Wis. Act 27, effective July 2, 1983. The 1983 amendment made certification mandatory and deleted the requirement that the child

support agency make reasonable collection efforts before using the certification procedure. Terrence argues: (1) the legislature did not intend to nullify stipulations and orders that forestalled the use of the pre-1983 amendment certification procedure; (2) the 1983 amendment impairs his contract in violation of art. 1, sec. 10 of the United States Constitution; and (3) the order of March 30, 1983 is *res judicata.*

## Legislative Intent

Terrence argues the legislature by the 1983 amendment did not intend to nullify stipulations and orders by which support delinquencies are being satisfied. He asks us to consider the legislative intent as revealed by the drafting record of the 1983 amendment.

When a statute is clear and unambiguous, the statute must be interpreted on the basis of its plain meaning. *Tahtinen v. MSI Ins. Co.,* 122 Wis.2d 158, 167, 361 N.W.2d 673, 678 (1985). This court has found that sec. 46.255(1), Stats., is clear and unambiguous. *Marriage of Howard v. Howard,* 130 Wis.2d 206, 209, 387 N.W.2d 96, 97 (Ct. App. 1986).

When we look at the plain meaning of sec. 46.255(1), Stats., we find that its language clearly and unambiguously requires the clerk of court, upon application of the county designee or the Department of Health and Social Services, to certify to the Department delinquent payments of a person obligated to make court-ordered child support or maintenance payments. Thus, it is not appropriate for us to resort to extrinsic aids such as the legislative drafting records in construing the

statute. *Tahtinen,* 122 Wis.2d at 166, 361 N.W.2d at 677.

### Impairment of Contract, Res Judicata

Terrence argues that if sec. 46.255(1), Stats., as amended, is applied to him, his "contract" with the county child support agency is impaired or, alternatively, if the stipulated order became part of the divorce judgment, that order is res judicata and the agency is bound by it. Terrence had no contract by reason of the stipulation preventing the child support agency from using other available procedures to collect arrearages from him. No right of Terrence is impaired by these proceedings. Nor is the order of March 30 res judicata. In order for a judgment or final order to bar a subsequent action, there must be not merely identity of subject matter but also of the cause of action. *Rahr v. Wittmann,* 147 Wis. 195, 202, 132 N.W. 1107, 1110 (1911). These proceedings are distinct from contempt proceedings as an enforcement remedy.

### (c) *Estoppel*

Finally, Terrence argues that the county child support agency is estopped because of the stipulation and order from certifying delinquent payments. Equitable estoppel cannot be asserted against the government when the action asserted to be inequitable is mandated by law. *See State v. Madison,* 120 Wis.2d 150, 161, 353 N.W.2d 835, 841 (Ct. App. 1984). The legislature requires governmental agencies charged with the

responsibility of administering the child support program to use the certification procedures under sec. 46.255, Stats., to collect delinquent court-ordered child support payments from state tax refunds or credits owed to the obligor. There is no room for Terrence's equitable argument.

*By the Court.*—Order affirmed.