IN RE the MARRIAGE OF: Janet GRIFFIN
(Reeve), Petitioner-Appellant,

v.

Dennis REEVE, Respondent.

Supreme Court

*No. 87–0639. Argued December 2, 1987.—Decided December 21, 1987.*

(Also reported in 416 N.W.2d 612.)

For the petitioner-appellant the cause was argued by *William H. Honrath,* deputy family court commissioner, with whom on the briefs was *Kevin Van Kampen,* family court commissioner, Racine and *Sherwood K. Zink,* co-counsel, Madison.

For the respondent there was a brief and oral argument by *Guilio Fornary,* Racine.

SHIRLEY S. ABRAHAMSON, J. This is an appeal from an order entered by the circuit court for Racine county, Dennis J. Flynn, Circuit Judge, dismissing a proceeding brought against Dennis Reeve to hold him in contempt for failing to pay child support which was ordered by the circuit court and had accrued before the child reached the age of majority. Relying on *Halmu v. Halmu,* 247 Wis. 124, 19 N.W.2d 317 (1945), the circuit court dismissed the proceeding, reasoning that it had no jurisdiction to enforce past due child support payments through contempt proceedings when the proceedings were commenced after the child reached the age of majority. This court granted the petition to bypass. Sec. 808.05(1), Stats. 1985–86.

On October 15, 1987, a few weeks before this court was to hear this case, Dennis Reeve paid the amount due under the support order and moved this court to dismiss the appeal on the ground that the matter was moot. The family court commissioner opposed the motion, arguing that there are unresolved issues concerning attorney's fees, reasonable court costs and court-assessed interest and that because the case presents an issue of public importance a decision from this court would assist circuit courts. This court denied Dennis Reeve's motion.

We conclude that contempt is an appropriate remedy to enforce past due child support payments after the child reaches the age of majority. Accordingly, we vacate the order dismissing the proceeding and remand the cause to the circuit court for further proceedings.

The facts giving rise to this appeal are undisputed. Janet and Dennis Reeve were married in February 1968 and divorced in 1978. The divorce court awarded sole custody of the minor child to Janet Reeve, granted Dennis Reeve reasonable visitation rights, and ordered Dennis Reeve to pay the sum of $25 per week as support for the child until the child reached the age of 18 years or became self-supporting or the court ordered otherwise, whichever event occurred first.

In December 1986 the child reached the age of 18 years. On February 17, 1987, the family court commissioner, on behalf of Janet Reeve and pursuant to sec. 767.29(1), Stats. 1985–86,[1] filed an order to show cause why Dennis Reeve should not be held in contempt for failing to pay $5375, the amount of child support in

---

[1]Sec. 767.29(1), Stats. 1985–86, provides in relevant part:

"If the maintenance payments or support money adjudged or ordered to be paid shall not be paid to the clerk at the time provided in the judgment or order, the clerk or the family court commissioner of the county shall take such proceedings as either of them deems advisable to secure the payment of the sum including enforcement by contempt proceedings under ch. 785 or by other means."

Although sec. 767.29(1) authorizes the family court commissioner to secure the payment of the court-ordered support by means of contempt proceedings, Mr. Reeve asserts that the family court commissioner has violated the Code of Professional Responsibility by bringing this action on behalf of Janet Reeve. Mr. Reeve cites Ethic Opinion E-83–20 of the Wisconsin State Bar Standing Committee of Professinal Ethics, which addresses the propriety of the family court commissioner acting simultaneously as an advisor to the trier of fact and as an advocate for the custodial parent. The family court commissioner calls our attention to an attorney general's opinion discussing the role of the family court commissioner. *See* OAG 6–87. The family court commissioner denies any violation of the Code and asks this court not to address this issue in this case. We do not reach this issue.

arrears when the child reached eighteen. On March 27, 1987, the father paid $3,500 to the mother.

On April 3, 1987, relying on *Halmu v. Halmu, supra* 247 Wis. 124, the circuit court dismissed the action on the ground that it lacked jurisdiction over a contempt proceeding because the child had reached the age of eighteen.

In the *Halmu* case, the court awarded the mother custody of the three minor children and ordered the father to pay child support. For seventeen years following the divorce, the father refused to pay child support, and the mother initiated several contempt proceedings. The youngest child reached the age of majority in 1942, and in 1944 the mother brought a contempt action to collect the unpaid child support. The circuit court entered a money judgment against the father. On appeal this court upheld the judgment, reasoning that although it was error for the circuit court to entertain a contempt proceeding, the circuit court had jurisdiction to enforce the support order as an action on debt and to enter a money judgment against the father.[2]

This court's central concern in *Halmu* was whether contempt was the appropriate remedy to enforce a support order after the child reached the age of majority. Similarly, the central issue in this case is whether contempt is an appropriate remedy to enforce

---

[2]The *Halmu* court has been cited as holding that the divorce court cannot modify or revise a support order after the child reaches the age of majority; that the family court has no authority to order support for adults; and that an independent action for money judgment for child support arrearages cannot be brought until the child attains the age of majority. These matters are not in issue in this case.

a support order after the child reaches the age of majority.

In *Halmu*, the court concluded that contempt was not an appropriate remedy. The court reasoned that once the purpose of the support order was accomplished, namely, the care and custody of the minor child, the "force and life" of the support order expires. In other words, when the child is a minor and needs support, contempt is available as a remedy to ensure that support; but when the child reaches majority the purpose and justification for this remedy cease. Accordingly, the *Halmu* court held that a mother who has had custody of the minor child and supported the minor child cannot, after the child reaches majority, enforce the child support order by a contempt proceeding.[3] The *Halmu* court concluded that the mother is

---

[3]This issue raised in *Halmu* and in this case has been considered by a number of other courts. See cases cited in Annot., *Power of Divorce Court, after Child Attained Majority, to Enforce by Contempt Proceeding Payment of Arrears of Child Support,* 32 A.L.R.3d 888 (1970 & Supp. 1987). Several courts have adopted substantially the same position as the *Halmu* court. *See, e.g., Schwartz v. Waddell,* 422 So. 2d 61 (Fla. App. 1982); *Thompson v. Albers,* 1 Ohio App. 3d 139, 439, N.E.2d 955 (1981); *McCullough v. McCullough,* 483 S.W.2d 869 (Tex. Civ. App. 1972); *Dawson v. Dawson,* 71 Wash. 2d 66, 426 P.2d 614 (1967); *Lieder v. Straub,* 230 Minn. 460, 42 N.W.2d 11 (1950).

The Supreme Court of Minnesota explained that the courts, out of respect for the legislative policy that children over 18 years of age are not entitled to support, should not invoke the "extreme sanctions of contempt to enforce provisions of judgments contrary to this policy." *Hampton v. Hampton,* 303 Minn. 500, 502, 229 N.W.2d 139, 141(1975), quoted with approval *Thompson v. Albers,* 1 Ohio App. 3d 139, 439 N.E.2d 955(1981). An Illinois appellate court stressed that contempt is a "harsh and extreme sanction which, especially as it concerns the payment of a money decree, should be resorted to only where there is no other reasonable means by which the judgment may

entitled to a judgment for money damages enforceable like other judgments.

Upon consideration of the statutes governing child support and contempt, we conclude that this part of the *Halmu* decision is no longer good law in this state and is overruled. We are persuaded that contempt is an appropriate means to enforce child support arrears after the child has reached majority.

The Wisconsin legislature significantly revised the family law code, including child support, in 1977. Child nonsupport had become a pervasive problem, and the legislature attempted to address the problem with the 1977 Divorce Reform Act (ch. 767, Stats.), which adopted several new provisions expressly designed to assist the court in enforcing financial orders entered in divorce actions. The 1977 Act and subsequent amendments enumerated several means of enforcing an order to pay child support, including bonding and trust arrangements (sec. 767.31), money judgments (sec. 767.30(3)(c)), attachment of property (sec. 767.30(3)(d)), a charge against real property (sec. 767.30(2)), garnishment (sec. 767.30(3)(e)), and contempt of court (sec. 767.29(1), 767.30(3)(b)). *See* Wisconsin Legislative Council Note to sec. 767.305, West's Wis. Stats. Ann. sec. 767.305, pp. 378–79 (1981).

---

be enforced and then not in the first instance." *Fox v. Fox,* 56 Ill. App. 3d 446, 14 Ill. Dec. 201, 371 N.E.2d 1254, 1255 (1978).

Other courts have held that contempt is an appropriate remedy to enforce a child support order after the child reaches the age of majority. *See, e.g., Crumpacker v. Crumpacker,* 239 Kan. 183, 718 P.2d 295(1986); *Tande v. Bongiovanni,* 142 Ariz. 120, 688 P.2d 1012 (1984); *Arnold v. Arnold,* 35 Conn. 246, 407 A.2d 191 (1979); *Green v. Green,* 44 Md. App. 136, 407 A.2d 1178 (1979).

The 1977 Act, unlike the divorce statute in existence when *Halmu* was decided, expressly provides that a support order is enforceable by contempt. Sec. 767.305 grants the circuit court broad powers to enforce child support orders through the use of contempt proceedings. It provides as follows:

> "In all cases where a party has incurred a financial obligation under ... 767.25 [child support] ... and has failed within a reasonable time or as ordered by the court to satisfy such obligation, and where the wage assignment proceeding under s. 767.265 is inapplicable, impractical or unfeasible, the court may on its own initiative, and shall on the application of the receiving party, issue an order requiring the payer to show cause at some reasonable time therein specified why he or she should not be punished for misconduct as provided in ch. 785 [the contempt statute]."

Nothing in sec. 767.305 indicates that past due child support payments may not be collected through contempt proceedings after the child reaches majority.

The legislative intent expressed in ch. 767 demonstrates the legislature's overriding concern that parents not shirk their obligations to support their children. The legislature granted the circuit court numerous enforcement tools, including contempt, to ensure compliance with the support orders. If the circuit court lacks the power to enforce child support orders through contempt after the child reaches majority, a nonpaying parent may be encouraged to elude the court until the child's majority. A nonpaying parent with no property subject to execution may prefer a civil action on a debt rather than a contempt proceeding. The parent dependent on support who has

expended his or her own money to maintain the minor child is unfairly denied the remedy of contempt and is left with the less effective civil action in debt.

We believe the legislature intended to arm the parent dependent on support for a minor with the more effective means of enforcing compliance—the proceeding in contempt. Accordingly, we conclude that the *Halmu* holding, which rejects contempt as a means of enforcing child support in arrearage after the child's majority, does not comport with the 1977 Divorce Reform Act.

Furthermore, we are persuaded that nothing in ch. 785, the statute governing contempt of court, prohibits a circuit court from using contempt to remedy a violation of a child support order after the child reaches majority. Ch. 785, which became effective in 1980, substantially restates the law of contempt.[4]

The parties apparently agree for purposes of this appeal that under ch. 785 Mr. Reeve's failure to pay court-ordered support is an "intentional disobedience

---

[4]A court's power to use contempt stems from the inherent authority of the court. The power may, however, within limitations, be regulated by the legislature. *Schroeder v. Schroeder,* 100 Wis. 2d 625, 632, 302 N.W.2d 475 (1981). For discussions of contempt law in Wisconsin, *see* Martineau, *Contempt of Court: Eliminating the Confusion Between Civil and Criminal Contempt,* 50 U. Cinn. L. Rev. 677 (1981); Gloe, *Contempt of Court: Some Considerations for Reform,* 1975 Wis. L. Rev. 1117; Tess-Mattner, *Contempt of Court: Wisconsin's Erasure of the Blurred Distinction between Civil and Criminal Contempt,* 66 Marq. L. Rev. 369 (1983). For general discussions of contempt, *see* Dobbs, *Contempt of Court: A Survey,* 56 Cornell L. Rev. 183 (1971); Goldfarb, *The Contempt Power* 1–46 (1963); 2 Clark, *The Law of Domestic Relations in the United States* 390–92 (2d ed. 1987).

of the authority, process or order" of the court, sec. 785.01(1)(b),[5] which constitutes contempt of court. The parties also agree that because this case was brought on behalf of the aggrieved party, Janet Reeve, only a remedial sanction may be sought in this case. A remedial sanction is defined in sec. 785.01(3) as a "sanction imposed for the purpose of terminating a continuing contempt of court."

Mr. Reeve urges that the act of contempt, his refusal to pay support, cannot be said to continue beyond the child's majority. He contends that once the child reaches the age of majority the divorce court's power to modify support terminates, the parent's duty to support ceases, and a delinquent parent's contempt ends. Mr. Reeve concludes that the court may not impose a remedial sanction after the child reaches majority because there is no continuing contempt for the court to terminate.

Mr. Reeve further argues that the underlying purpose for imposing a remedial sanction can not be achieved after the child reaches majority. The purpose of a remedial sanction under ch. 785 in child support actions is to insure present and future compliance with the support order for the benefit of the child's immediate welfare. Once the child reaches the age of

---

[5]Sec. 785.01, 1985–86, defines contempt of court as follows:

(1) "Contempt of court" means intentional:

(a) Misconduct in the presence of the court which interferes with a court proceeding or with the administration of justice, or which impairs the respect due the court;

(b) Disobedience, resistance or obstruction of the authority, process or order of a court;

(c) Refusal as a witness to appear, be sworn or answer a question; or

(d) Refusal to produce a record, document or other object.

majority, the child no longer needs the remedy of contempt to protect his or her welfare, according to Mr. Reeve.

A contempt action brought to enforce support payments after the child reaches majority, argues Mr. Reeve, is a sanction imposed for "past contempt of court for the purpose of upholding the authority of the court." Sec. 785.01(2). Under sec. 785.01(2), a sanction imposed for past contempt of court is a punitive, not a remedial, sanction. Mr. Reeve concludes that the court is barred from imposing a punitive sanction in this action which is brought by a person aggrieved. *See* secs. 785.03(1)(a) and (b), Stats. 1985–86.

We conclude that the purpose of the contempt proceeding in this case is not to punish a past contempt but to coerce Mr. Reeve into complying with an existing court order. While the court may not modify or terminate the support order after the child reaches majority, the force of the order does not expire until the parent complies. A parent's failure to pay child support after the child reaches majority is a continuing disobedience of a court order. The contempt is not past; it is ongoing.

We further conclude that enforcing support payments after the child reaches majority through proceedings in contempt achieves the purpose of the remedial sanction, namely to provide a mechanism to effect compliance with the court-ordered duty to support. A dominant purpose of the contempt proceeding is to aid the private litigant.

In summary, we conclude that the obligation to pay past due child support when the child reaches majority continues after the child reaches majority, and so long as that obligation imposed by court order continues, enforcement of that obligation by contempt

continues.[6] The Divorce Reform Act of 1977 specifically enumerates contempt as a means of enforcing the "financial obligation" incurred when the court orders child support. Neither the Divorce Reform Act nor ch. 785 explicitly or implicitly limits the power to enforce a support order by contempt to the minority of the child. Although the court's power to order, modify or terminate support is limited to the duration of the child's minority, we conclude that the court's power to use contempt to enforce a parent's obligation to make those payments in full is not so limited.

For the reasons set forth, we vacate the order of the circuit court and remand the cause for further proceedings.

*By the Court.*—The order of the circuit court is vacated and the cause is remanded for further proceedings.

---

[6]*Cf., In re the Marriage of Howard v. Howard,* 130 Wis. 2d 206, 209–210, 387 N.W.2d 96 (Ct. App. 1986):

"Parents may not escape their court-ordered duty to support their children merely by waiting until the children reach majority ... Although the extent of Howard's obligation has not grown since his children's emancipation in 1978, his obligation to pay past-due child support did not cease at that time. Rather it remains unfulfilled. Howard still owes the money. He is therefore still obligated to pay it. ..."