IN RE the MARRIAGE OF: Kimberly NOACK,
Petitioner-Respondent,

RACINE COUNTY CHILD SUPPORT AGENCY,
Respondent,

v.

Robert NOACK, Appellant.

Court of Appeals

*No. 88-0868. Submitted on briefs February 13, 1989.—Decided
March 8, 1989.*

(Also reported in 439 N.W.2d 600.)

On behalf of the Appellant, the cause was submitted on the briefs of *Michael Plaisted,* assistant state public defender.

On behalf of the Respondent, the cause was submitted on the brief of *Kevin Van Kampen,* family court commissioner for Racine County, and *William H. Honrath,* deputy family court commissioner.

Before Brown, P.J., Nettesheim and Sundby, JJ.

BROWN, P.J.   Robert Noack was found in contempt of court for failure to pay child support following a hearing at which he was not present. We hold that neither the requirements of due process nor the remedial contempt statute was offended when Robert, who had received notice of a hearing and offered the court no reason for his failure to appear, was found in contempt. Under such circumstances, Robert's absence properly did not affect the progress of the proceedings.

Robert did not appear for his final divorce hearing in January of 1986. Child support was set in his absence. There followed an allegation that Robert was not complying with the child support order. Based on an inability to locate Robert and serve him with an order to show cause why he should not be held in contempt, the court issued an arrest order in July of 1987.

Robert was found and brought before the court in early October. A public defender appeared with him. After discussion, a date for the contempt hearing was set for November 12. Robert was informed orally by the court of the hearing date and time. He also received written notice. Nevertheless, neither Robert nor his attorney appeared at the November hearing.[1]

---

[1] Robert was represented in October by a Ms. Stuart. The record of the November hearing begins with the court addressing a Ms.

A deputy family court commissioner appeared for the complainant. He informed the court that Robert had never made a child support payment. He also informed the court that Robert had taken no known steps towards employment and that the business address Robert had given did not exist.

The court found that Robert had intentionally failed to pay support and held him in contempt. The sanction imposed was six months in the county jail. The order allowed Robert to purge the contempt upon payment of $1500.

Robert was subsequently arrested and held in the Racine county jail pursuant to the commitment. The jail term was eventually stayed by the trial court pending this appeal.

Section 785.03, Stats., states in relevant part:

(1)  NONSUMMARY PROCEDURE. (a) *Remedial sanction.* A person aggrieved by a contempt of court may seek imposition of a remedial sanction for the contempt of filing a motion for that purpose in the proceeding to which the contempt is related. The court, after notice and hearing, may impose a remedial sanction authorized by this chapter.

Robert argues that he was denied due process when the trial court found him in contempt *in absentia.* We find no due process violation.

"Due process is a requirement of notice and hearing, that is, the opportunity to be heard before a deciding tribunal." *Riemer v. Riemer,* 85 Wis. 2d 375, 377, 270 N.W.2d 93, 95 (Ct. App. 1978). Our supreme court has applied this standard to remedial contempt

Stuart and asking her if she was present on the Noack case. She replied that this case did not ring a bell with her.

571

cases as well, holding that due process requires notice and an opportunity to be heard. *Joint School Dist. v. Wisconsin Rapids Educ. Ass'n,* 70 Wis. 2d 292, 317, 234 N.W.2d 289, 303 (1975).

There exists no colorable argument that Robert did not have notice of a hearing and an opportunity to be heard on November 12. He was given notice in open court of a contempt hearing. The hearing was held. Robert was not there. Prior to his nonappearance, Robert did not move for a continuance or otherwise notify the trial court that he would be unable to be present at the hearing. Subsequent to the hearing, Robert made no showing of justifiable absence, although the trial court gave him an opportunity to do so.

■

Due process analysis requires that we balance three factors: (1) the private interest affected by the official action, (2) the risk of erroneous deprivation of the interest through the procedures used and the probable value of additional or substitute procedural safeguards, and (3) the government's interest. *In re W.J.C.,* 124 Wis. 2d 238, 240, 369 N.W.2d 162, 163–64 (Ct. App. 1985).

■

We acknowledge that Robert's private interest in liberty and property is affected. However, the risk of erroneous deprivation and the probable value of additional safeguards are low. Alleged contemnors who can give reasoned explanation for their failure to comply with court orders will generally come to court and present a case. If they cannot come to court, they may arrange for a continuance, or at least contact their lawyers for assistance in providing the court with reasons for their necessary absence.

Our concerns might be greater if there existed no method by which, after the fact of nonappearance, no provision for explanation had been made. On occasion, unexpected situations arise that are beyond control, making court appearances impossible and leaving no time to explain. A blizzard or a serious accident are examples of such occurrences. Under those circumstances, alleged contemnors properly should be allowed to show the court that they had no real opportunity to be heard. Here, however, the court indicated that it would take testimony as to why Robert was not present at the hearing. And finally, the requirement in remedial contempt cases that contemnors be given a method by which they can purge the contempt provides Robert with the key to the jailhouse door. *See Schroeder v. Schroeder,* 100 Wis. 2d 625, 639, 302 N.W.2d 475, 482 (1981).

The governmental interest in this case is the timely enforcement of child support obligations but, more generally, there is also involved the interest in enforcement of court orders and protection of the rights of parties to this action. All of these interests are served by the procedure used here. Parents who are not following support orders and who are disobeying further orders to show cause for their failure are harming interested parties and flouting the court. Important governmental interests are ignored if such parents are encouraged not to come to court.

The balance here weighs heavily towards the conclusion that the procedure used here satisfies the requirements of due process.

The only remaining question is whether sec. 785.03(1), Stats., requires more than does due process. Robert correctly sets forth the necessary analysis: "[T]he question then becomes whether an ex parte

hearing, such as took place ... resulting in a finding of contempt against the Appellant, is a 'hearing' within the meaning of the Wisconsin statutes." We disagree with Robert's conclusion that case law or the statute requires the presence of the alleged contemnor before a finding of contempt can be made.

Robert's argument in support of his position is really a straw man. Robert argues that the trial court is incapable of making the necessary findings in support of a contempt order when the alleged contemnor is not present. Since physical presence is, by itself, likely to be of little if any help in making findings, we presume that it is the alleged contemnor's testimony that Robert asserts is required before a finding can be made.

This straw man argument fails because nothing in applicable Wisconsin law requires an alleged contemnor to testify before a finding of contempt—remedial or punitive—is made.

The right to allocution in summary contempt procedures is a right of opportunity. *Currie v. Schwalbach,* 139 Wis. 2d 544, 565, 407 N.W.2d 862, 871 (1987). The contemnor may speak; he need not. The right to present evidence in remedial contempt hearings is similarly one of opportunity. "In *O'Connor v. O'Connor* [the Wisconsin Supreme Court] held that before one may be punished for contempt he must be notified of the charge against him and be given an opportunity to present a defense to that charge." *Joint School Dist.,* 70 Wis. 2d at 317, 234 N.W.2d at 303 (citation omitted); *see also In re Dennis,* 117 Wis. 2d 249, 262, 344 N.W.2d 128, 134 (1984) ("The defendant, with notice ... *may* present evidence and ... the trial court *must* determine whether defendant should be held in contempt." (Emphasis added.))

Following a prima facie showing by complainant of a violation of an order, alleged contemnors bear the burden of demonstrating that their conduct was not contemptuous. *Joint School Dist.,* 70 Wis. 2d at 321, 234 N.W.2d at 305; *Balaam v. Balaam,* 52 Wis. 2d 20, 30, 187 N.W.2d 867, 872 (1971). In the instant case, Robert's burden is to show that he was not able to pay and that his refusal to pay represents something other than a willful and intentional avoidance of payment. *See Balaam,* 52 Wis. 2d at 29–30, 187 N.W.2d at 872.

An alleged contemnor, like any party, may fail to meet his burden in an infinite variety of ways. For example, his evidence may be insufficient or uncompelling; or he may present no evidence at all. *See Riemer,* 85 Wis. 2d at 377–78, 270 N.W.2d at 95; *see also Joint School Dist.,* 70 Wis. 2d at 320, 234 N.W.2d at 304–05. Where an alleged contemnor chooses not to present evidence on his own behalf, we find no reason in law or logic that the trial court would be precluded from finding the underlying conduct was contemptuous and holding the alleged contemnor in contempt. Nothing in the contempt statutes or in the case law interpreting those statutes precludes such an action. Rather, it is well-settled that issues must be raised before the trial court or they are deemed waived. *Zeller v. Northrup King Co.,* 125 Wis. 2d 31, 35, 370 N.W.2d 809, 812 (Ct. App. 1985). Even issues of constitutional importance can be waived or abandoned. *Maclin v. State,* 92 Wis. 2d 323, 328–29, 284 N.W.2d 661, 664 (1979).

Since we see no reason why a trial court cannot hold in contempt a respondent who is in court but refuses to present evidence, we correspondingly see no reason why Robert, who was silent by virtue of his

absence from a contempt hearing, cannot be found in contempt.

Robert's reliance on Minnesota case law interpreting Minnesota contempt statutes is misplaced. The Minnesota statute states that "the court or officer shall investigate the charge by examining [the alleged contemnor]." Minn. Stat. sec. 588.09 (1988). The Minnesota court held that express statutory language makes mandatory an in-court examination of the alleged contemnor as part of the contempt hearing. *Clausen v. Clausen,* 84 N.W.2d 675, 679 (Minn. 1957). Section 785.03(1), Stats., contains no similar express mandatory language. We will not read extra words into this statute so as to achieve a specific result. *See In re G. & L.P.,* 119 Wis. 2d 349, 355, 349 N.W.2d 743, 746 (Ct. App. 1984).

Robert's last argument is that the requirement, in remedial proceedings, of clearly spelling out for the contemnor what must be done to purge the contempt mandates the contemnor's presence at the scheduled hearing. We disagree.

The trial court must *"enter findings and issue an order* based on the record stating ... with specificity ... what sentence is imposed and what must the defendant do to purge himself." *Schroeder,* 100 Wis. 2d at 639, 302 N.W.2d at 482 (emphasis added). When alleged contemnors absent themselves from contempt hearings, personal service of the commitment and contempt orders can fully apprise the contemnors, with specificity, of what they must do to purge the contempt. We find no requirement of actual presence in the mandate that contemnors receive information about purging contempt.

We hold that the sec. 785.03(1), Stats., requirements of "notice and hearing" do no more than codify for remedial contempt situations the due process requirements of notice and an opportunity to be heard. These Robert received.

We reject Robert's argument that the evidence was insufficient to allow the court to find Robert in contempt. The state made a prima facie showing that Robert failed to meet his support obligations. Robert did not overcome that showing. Additionally, the state made a showing that Robert had taken no actions in furtherance of meeting his obligations. The trial court found that Robert's failure to pay was intentional. Given the evidence presented, this finding was not clearly erroneous. Sec. 805.17(2), Stats. Under the circumstances, where Robert waived the issue of inability to pay, we hold that the procedure was appropriate and the contempt finding was warranted.

*By the Court.*—Order affirmed.