STATE of Wisconsin, Plaintiff-Respondent,

v.

Ronald L. MONARCH, Defendant-Appellant.†

Court of Appeals

*No. 99–1054–CR. Submitted on briefs September 7, 1999.—Decided September 21, 1999.*

(Also reported in 602 N.W.2d 179.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Craig S. Lambert* of *Glenn, Hoff, Hoff & Lambert, S.C.*, of Appleton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas J. Balistreri*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Cane, C.J., Hoover, P.J., and Gordon Myse, Reserve Judge.

HOOVER, P.J.   Ronald Monarch appeals a nonfinal order denying his motion to dismiss an information charging him with criminal nonsupport under § 948.22(2), STATS.[1] He contends that his 1998 prosecution for failure to pay child support arrears accumulated from 1977 to 1985 should be dismissed because it is barred by the six-year statute of limitations. Monarch specifically asserts that: (1) the statutory definition of child support includes only current support, not arrearages, and he last failed to provide current support more than six years ago; (2) even if arrearages are child support, the statute of limitations begins to run once the child turns eighteen; and (3) to hold otherwise renders the statute of limitations, § 939.74, STATS., meaningless for criminal nonsupport.

We determine that neither the passage of time nor the child's attainment of majority transforms Monarch's obligation into something other than an amount he was ordered to pay for the support of a child. Arrearages are therefore "child support" for purposes of § 948.22, STATS. We also determine that the statute of limitations for criminal nonsupport begins to run after each 120-day period during which the support obligation is not paid. Because the pending charges for nonsupport are for a period within the past six years, the statute of limitations is not available as a defense here. Accordingly, we affirm.

The facts are not in dispute. Monarch is charged with fifteen felony counts of failing to pay child support, contrary to § 948.22(2), STATS. The charges

---

[1] This is an appeal from a nonfinal order. We granted leave to appeal on April 27, 1999.

emanate from his alleged failure to pay for court-ordered child support arrears from February 20, 1993, through October 31, 1998. Monarch was originally ordered to pay support under the 1977 divorce judgment.[2] His obligation to pay current child support ended in 1985 when his youngest child attained majority. Since 1990, Monarch has been subject to an "arrearages only" order of $15 per week. With the exception of one payment in January 1998, Monarch made no payments from 1993 through 1998.

After the State filed the information, Monarch moved to dismiss the action on the grounds that it is time-barred and deprives him of his due process rights. The circuit court denied his motion. Monarch filed for leave to appeal the circuit court's order, which we granted.

We must determine whether child support arrearages accrued over six years ago can be the basis of a criminal prosecution for nonsupport. The pertinent facts are not disputed on appeal. The controversy focuses on the interpretation and application of the criminal nonsupport statute, § 948.22, STATS., in conjunction with the applicable statute of limitations, § 939.74(1), STATS. Statutory interpretation and application thereof to undisputed facts are matters of law, which we review de novo. *See State v. Slaughter*, 200 Wis. 2d 190, 196, 546 N.W.2d 490, 493 (Ct. App. 1996); *see also State v. Abbott*, 207 Wis. 2d 624, 627, 558 N.W.2d 927, 928 (Ct. App. 1996).

---

[2] Monarch had three children and was ordered to pay support of $30 per week. In January 1990, an arrearage-only order of $15 per week was entered.

Our goal in statutory construction is to discern the intent of the legislature. *See State v. Rosenburg,* 208 Wis. 2d 191, 194, 560 N.W.2d 266, 267 (1997). To determine the legislature's intent, we must first look to the language of the statute. *See N.E.M. v. Strigel,* 208 Wis. 2d 1, 7, 559 N.W.2d 256, 258 (1997). If that language unambiguously sets forth legislative intent, we do not look beyond the statute's language to determine its meaning. *Id.* If, however, a statute is ambiguous, we examine the scope, history, context, subject matter and purpose of the statute in order to determine the legislature's intent. *See State ex rel. Jacobus v. State,* 208 Wis. 2d 39, 48, 559 N.W.2d 900, 903 (1997). A statute is ambiguous if it is capable of being understood by reasonably well-informed persons in more than one way. *See id.*

We begin our analysis by examining the applicable statutes and determining when the statute of limitation commences in a prosecution for nonsupport. Section 939.74(1), STATS., which governs the time limitation on prosecutions for felonies, provides in part:

> Except as provided in sub. (2), and s. 946.88 (1), prosecution for a felony must be commenced within 6 years . . . . Within the meaning of this section, a prosecution has commenced when a warrant or summons is issued, an indictment is found, or an information is filed.

Section 948.22(2), STATS., criminalizes the failure to pay child support for more than 120 days. It provides, in pertinent part:

> Any person who intentionally fails for 120 or more consecutive days to provide . . . child support which the person knows or reasonably should know the

546

person is legally obligated to provide is guilty of a Class E felony. A prosecutor may charge a person with multiple counts for a violation under this subsection if each count covers a period of at least 120 consecutive days and there is no overlap between periods.

Nonsupport can be a continuing offense.[3] *State v. Grayson*, 172 Wis. 2d 156, 158, 493 N.W.2d 23, 24 (1992). In *Grayson*, our supreme court held that § 948.22(2), STATS., permits a prosecutor to charge one count of felony nonsupport for each 120-day term that a person fails to pay child support, even if that person failed to pay over one continuous period.[4] *Id.* The statute of limitations for a continuing offense is when the last act is done, which, viewed by itself, is a crime. *John v. State*, 96 Wis. 2d 183, 188, 291 N.W.2d 502, 505 (1980). The criminal limitation period commences with the most recent act. *Id.*

These cases establish that the crime of nonsupport continues until the last date the defendant intentionally fails to provide child support that he or she is legally obligated to provide. The statute of limitations runs from that point. Alternatively, when charged with nonsupport for a distinct period, it runs from the end of each 120-day period charged as a felony under § 948.22(2), STATS.

---

[3] A continuing offense is one that consists of a course of conduct enduring over a course of time. *John v. State*, 96 Wis. 2d 183, 188, 291 N.W.2d 502, 505 (1980).

[4] The separate charges for a continual failure to pay are different in fact because a new *mens rea* can be formed for each period of nonpayment. *State v. Grayson*, 172 Wis. 2d 156, 165, 493 N.W.2d 23, 28 (1980).

Monarch contends that his crime was complete more than six years ago because the definition of child support applies only to current support. In support of his claim, Monarch asserts that § 948.22(7)(b), STATS., expresses an intent consistent with a six-year limitation period commencing immediately after the arrearage came onto existence. He posits that because § 948.22(7)(b) requires the court to order the defendant to pay as an additional penalty past support obligations, it "provides a statutory basis for ordering restitution on amounts that could not be prosecuted because of the statute of limitations [and] there would not be any need for that subsection for restitution if the arrearages could be charged as a criminal offense under the statute."

We reject Monarch's argument that arrearages are not child support for three reasons. First, the definition of child support in § 948.22(1)(a), STATS., contains no distinction between current and past support. It provides: " 'Child support' means an amount which a person is ordered to provide for support of a child by a court of competent jurisdiction in this state . . . ." Any child support arrearage arises from an order to provide for support of a child. An arrearage is what inevitably results when one fails to provide this support and its character is not altered by the passage of time. It is still "an amount which a person is ordered to provide for support of a child . . . ." The arrearage originates from and is directly and exclusively correlative to the court-ordered obligation to pay support.

Second, a crime is committed only when an arrearage develops. The essence of the crime is failing to pay support for at least 120 days. The prosecution is founded on the arrearage for that 120-day period.

548

Therefore, an arrearage is an essential element of the crime of nonsupport.

Third, § 948.22(7)(b)1, STATS., does not support his contentions. It provides, in pertinent part:

> In addition to or instead of imposing a penalty authorized for a Class E felony . . .the court shall:
>
> . . . order the defendant to pay the amount required including any amount necessary to meet a past legal obligation for support.

This subsection provides a dispositional mandate. It does not relieve from criminal responsibility one who has outstanding arrearages after the obligation to pay current support has ended. Rather, it requires the court to order the defendant to pay past support as well as the amount due during the charged period. It mandates that the imposition of a criminal penalty does not relieve a defendant of the obligation to pay support. During the time in question, Monarch was subject to an order to pay $15 per week. He was not charged with the failure to pay his entire arrearage, which exceeded $30,000, but only with his failure to pay the weekly amount during certain periods. If convicted, the court is required to order Monarch to pay those weekly amounts as well as the balance of the arrearage.

Monarch alternatively claims that § 948.22, STATS., does not cover arrearages after the child attains majority. He relies on *Halmu v. Halmu*, 247 Wis. 124, 19 N.W.2d 317 (1945), for the propositions that the purpose of child support is to support minor children and that the force and life of a child support order expires on the date the child attains majority. We reject this argument.

With the passage of time, the payments may indeed no longer actually support the child. This does

549

not change the purpose and nature of the obligation with which § 948.22, STATS., is concerned, the "amount which a person is ordered to provide for support of a child . . . ." Monarch does not dispute that he was originally ordered to pay the amounts at issue for the support of a child and failed to do so. The arrearage inevitably arose from his failure to provide that support. Again, its character is not recast by the passage of time or by labeling it an arrearage. The arrearage originates from and is directly and exclusively correlative to the support obligation.

Our supreme court rejected similar arguments in *Griffin v. Reeve*, 141 Wis. 2d 699, 707–08, 416 N.W.2d 612, 616 (1987). In *Griffin*, Reeves had outstanding child support arrearages that he claimed could not be the subject of a contempt proceeding because his child had reached the age of majority. *Id.* at 707, 416 N.W.2d at 515–16. Reeves claimed that his refusal to pay support, the act of contempt, could not continue beyond the child's majority. *Id.* The court determined that the court order does not expire until the parent complies. *Id* at 708, 416 N.W.2d at 616. The *Griffin* analysis is equally applicable in this case.

The legislature's policy concerns addressed in *Griffin* and *Grayson* are also instructive. Child nonsupport is a pervasive problem, and the legislature has an overriding concern that parents not shirk their obligations to support their children. *Griffin*, 141 Wis. 2d at 704–05, 416 N.W.2d at 614–15. The statute is intended to deter long-term failures to provide support. *Grayson*, 172 Wis. 2d at 166, 493 N.W.2d at 28. Regardless of the child's age, prosecuting parents who have failed to meet their support obligations prompts this purpose.

Monarch also argues that to subject him to prosecution "effectively means there is no statute of

limitations." We disagree. The six-year limitation runs from when the crime is complete or, alternatively, from the end of each 120-day period chargeable as a separate offense. The State may not charge a person with non-support for those 120-day periods that are more than six years old. The running of the statute on that period does not, however discharge a person of potential criminal liability for the sum not paid during that period because that sum may be included in a later arrearage order.

Monarch asserts that his prosecution violates due process. On appeal, however, he does not develop this contention. He presents no argument or authority in support of his claim. He must demonstrate that the State deliberately delayed filing charges to obtain a tactical advantage over him and that this delay caused him actual prejudice in presenting his defense. *See State v. Wilson*, 149 Wis. 2d 878, 904–05, 440 N.W.2d 534, 544 (1989). He offers no such proof. We reject this argument.

In conclusion, we hold that under § 948.22, STATS., it does not matter that the support owed is an arrearage, when that arrearage accrued or what the current age of the child is. The crime is the intentional failure to pay child support during a 120-consecutive-day period. Child support is "an amount which a person is ordered to pay for the support of a child," and its character is not changed by the passage of time or the name it is given. The crime is complete after each 120-day period during which the defendant intentionally fails to pay child support and continues until he or she no longer intentionally fails to pay child support. The statute of limitation begins to run from the end of each 120-day period. Because Monarch is alleged to have inten-

tionally failed to provide for the support of a child within the six years preceding the complaint, § 948.22, STATS., applies and the statute of limitations is not a defense. Accordingly the order is affirmed.

*By the Court.*—Order affirmed and cause remanded.