SEIDL, J.[1]
¶ 1 Cheryl Krause (now known as Cheryl Fletcher) appeals an order in which the circuit court denied her motion to find her ex-husband, Dale Krause, in remedial contempt of court. Cheryl argues the court erroneously exercised its discretion by not finding Dale in contempt because Dale failed to provide her with his individual and business tax returns as required by their divorce judgment. We affirm.
BACKGROUND
¶ 2 Cheryl and Dale had one child during their marriage, Scott, who was born in July 1997. In 2006, Cheryl and Dale entered into a final divorce stipulation in which Dale was required to pay child support of $823 per month to Cheryl, based upon the parties' agreement that Dale's gross annual income was $70,000 at that time. The stipulation also required Dale to "provide to Cheryl, each year prior to April 1, a copy of his entire individual and business federal and state income tax returns (including all attachments, schedules, W-2 statements, K-1 statements, and 1099 statements)." The stipulation was incorporated into the judgment of divorce.
¶ 3 In 2008, Cheryl, then pro se, filed an order to show cause motion asking the circuit court to hold Dale in contempt for failing to make financial disclosures required under the divorce judgment. The family court commissioner ordered Dale to provide his individual and business federal and state income tax returns for 2007. Dale sent his individual tax returns for 2007 to Cheryl, but he did not provide his business tax returns. It is undisputed that, after 2008, Dale has never provided any subsequent tax returns to Cheryl.
¶ 4 Scott turned eighteen years old in 2015 and graduated from high school in June 2016. Under the judgment, Dale's child support obligation terminated at that time. The monthly amount of child support provided for in the judgment of divorce was never modified and remained in effect until Scott's emancipation. Dale owed no support arrearage to Cheryl at the time his child support obligation terminated.
¶ 5 In August 2016, counsel for Cheryl wrote a letter to Dale requesting that Dale voluntarily provide copies of his business and state income tax returns from the previous years. Dale did not provide his returns in response to that letter. Then, in October 2016, Cheryl filed an order to show cause for contempt of court based on Dale's failure to provide his tax returns. The court commissioner declined to find Dale in contempt of court, after which Cheryl requested a de novo review by the circuit court. See WIS. STAT. § 757.69(8). After Cheryl and Dale testified at the de novo hearing, the court declined to hold Dale in remedial contempt. Cheryl appeals the court's order denying her requested relief and dismissing the proceedings. Further facts are provided in the discussion section below.
DISCUSSION
¶ 6 We review a circuit court's use of its contempt power for an erroneous exercise of discretion. Krieman v. Goldberg , 214 Wis. 2d 163, 169, 571 N.W.2d 425 (Ct. App. 1997). A court properly exercises its discretion when it logically interprets the facts, applies a proper legal standard, and reaches a reasonable conclusion using a demonstrated rational process. Benn v. Benn , 230 Wis. 2d 301, 308, 602 N.W.2d 65 (Ct. App. 1999). Whether a person has committed contempt of court is a finding of fact, and we shall not reverse a circuit court's findings of fact unless they are clearly erroneous. See State v. Rose , 171 Wis. 2d 617, 623, 492 N.W.2d 350 (Ct. App. 1992) ; see also WIS. STAT. § 805.17(2).
¶ 7 WISCONSIN STAT. § 785.01(1)(b) defines contempt of court, in part, as "intentional ... [d]isobedience, resistance or obstruction of the authority, process or order of a court." A circuit court may impose a remedial sanction, see § 785.01(3) and WIS. STAT. § 785.04(1), to ensure present and future compliance with court orders, but a remedial contempt sanction must be able to be purged through compliance with the order from which the contempt arose. Benn , 230 Wis. 2d at 310 ; see also WIS. STAT. § 785.03(1)(a). For a contempt based upon a violation of a court order, the complainant must make a prima facie showing that the order has been violated. See Noack v. Noack , 149 Wis. 2d 567, 575, 439 N.W.2d 600 (Ct. App. 1989). If a prima facie showing is made, the burden shifts to the alleged contemnor to show his or her conduct was not contemptuous or intentional. See id. ; see also Rose , 171 Wis. 2d at 623.
¶ 8 Since Dale admits he did not turn over his tax returns, there is no dispute that Cheryl made a prima facie showing that Dale did not comply with the judgment. Rather, the question here is whether Dale rebutted that prima facie case by showing his conduct was not intentional under WIS. STAT. § 785.01(1)(b). The court found Dale did not intentionally withhold his tax returns in defiance of the divorce judgment because he did not seek to avoid paying additional support or child-related expenses. The record supports the court's finding, and, thus, we agree with Dale that the circuit court did not erroneously exercise its discretion when it declined to find him in contempt.
¶ 9 By the time Cheryl filed her 2016 order to show cause for contempt, Dale no longer had a child support obligation and did not owe any support arrearages. Dale testified he paid several expenses for Scott not required by the judgment, upon request from Cheryl, and he provided documentation of those expenses. Specifically, Dale paid for, or provided to Scott, the following: tuition; a tutor; a new car; car insurance; health and dental insurance; clothing; computers and televisions; vacations; money; an educational trust for Scott's benefit; a place on Dale's company payroll; and a credit card for Scott's use. Dale also testified that he paid Scott's uninsured or unreimbursed medical expenses in the full amount, rather than fifty percent as mandated by the judgment. Cheryl conceded in her testimony that Dale paid many expenses for Scott in addition to those required under the judgment while he was a minor and that Dale spent "quite a bit" on schooling and vacations for Scott.
¶ 10 Dale testified that, from 2008 to 2016, Cheryl never asked him to provide his tax returns and that he did not refuse to do so. Cheryl testified that she requested that information directly from Dale many times, but the circuit court found Cheryl's testimony in that regard was not credible. See Prezioso v. Aerts , 2014 WI App 126, ¶ 41, 358 Wis. 2d 714, 858 N.W.2d 386 (when sitting as the finder of fact, a circuit court is the ultimate arbiter of witness credibility). Cheryl also conceded that she knew she could seek child support modification prior to Scott's emancipation but that she chose not to do so.
¶ 11 Nonetheless, Cheryl argues the circuit court erroneously exercised its discretion in declining to find Dale in contempt for failing to provide his 2008 to 2015 personal and business tax returns to her as required by the judgment of divorce. Cheryl contends Frisch v. Henrichs , 2007 WI 102, 304 Wis. 2d 1, 736 N.W.2d 85, required the circuit court to find intent when she established that Dale did not provide his tax returns because Dale provided no reason for his failure to comply with the divorce judgment. Her reliance on Frisch is misplaced. There, Henrichs was found in remedial contempt for continually refusing to supply court-ordered tax returns in a timely manner to his ex-wife, Frisch. Id. , ¶¶ 18, 23, 81. After multiple hearings, the circuit court found Henrichs in contempt because he "had engaged in a substantial amount of misrepresentation, fraud, and game-playing as to what constitutes income" by not supplying the returns in response to Frisch's support modification requests. Id. , ¶ 20. There was no dispute that Henrichs' refusals to provide tax returns were intentional. See id. , ¶¶ 78, 80. Here, there was no evidence or court finding that Dale engaged in any misrepresentation, fraud or "game-playing" as to what constitutes income. The evidence showed that Dale paid many expenses on Scott's behalf in addition to those required by the court order. As a result, the court found that Dale did not fail to provide his tax returns in an effort to avoid payment of increased support or expenses on Scott's behalf, and it properly concluded Dale presented sufficient evidence to rebut Cheryl's prima facie case that he intentionally withheld his returns. See Noack , 149 Wis. 2d at 575. Frisch does not require courts to impute irrefutable intent upon a showing that a party violated a court order.
¶ 12 Cheryl also argues the circuit court erred because "a payor cannot decide that rather than make cash support payments to the payee, the payor can buy clothes or other items directly for the child and receive a credit towards the child support owed." That argument is a non-starter. The court did not credit Dale's other expenditures for Scott against any existing support arrears. It merely relied on the evidence of the other expenditures to find Dale did not intentionally fail to provide his tax returns as a means to avoid payment. That finding of fact is supported by the record and not clearly erroneous.
¶ 13 Cheryl also argues Dale's violation was a "continuing contempt" because he deprived her of the ability to seek remedies at law while the support period was ongoing. See Frisch , 304 Wis. 2d 1, ¶ 47. We disagree, because Dale's failure to provide his tax returns did not deprive Cheryl of any remedy at law she might have sought before Scott's emancipation. Because the court's factual findings on intent are not clearly erroneous, it follows that Dale could not be found in contempt, even if it was continuing, because his conduct was not intentional.
¶ 14 In addition, the circuit court determined Cheryl did not establish "continuing" contempt because Dale's support obligation and the requirement that he provide his returns ceased before Cheryl moved for remedial contempt in 2016. Remedial contempt must be based on a current violation of a court order, not on violations that occurred in the past but are no longer continuing. See Christensen v. Sullivan , 2009 WI 87, ¶¶ 74-75, 320 Wis. 2d 76, 768 N.W.2d 798. Unlike Frisch , Dale's support obligation ended before Cheryl filed her order to show cause, see Frisch , 304 Wis. 2d 1, ¶¶ 14-16, 46, and Cheryl did not establish Dale's child support could have been retroactively increased from what was ordered had he provided the returns, see id. , ¶¶ 7-8, 47. Cheryl also took no measures to move for modification of the support order after she received Dale's personal tax documents in 2008. We cannot say, under these circumstances, that the court erred in determining Dale's contempt had ceased and that an order to provide his tax returns to Cheryl would have been unwarranted.
¶ 15 Finally, Cheryl argues the fact that Scott has now reached the age of majority does not prevent her from bringing a contempt of court motion. It is true that contempt may be brought against a payor who is in arrears after a child has reached the age of majority because a failure to pay child support is considered to be continuing disobedience of a court order. See Griffin v. Reeve , 141 Wis. 2d 699, 708, 416 N.W.2d 612 (1987). But Dale had no arrears at the time his support obligation expired. Cheryl may have had the ability to file this remedial contempt action after the support obligation ended, but there is simply nothing left to enforce in this case.
¶ 16 We conclude the circuit court properly exercised its discretion in determining Dale did not intentionally violate the divorce judgment and in not finding Dale in contempt of court.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.