**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Allan A. MUSSARI, Defendant–Appellant.**

No. 97–10331.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 17, 1998.

Decided Aug. 18, 1998.

David Lee Titterington, Assistant Federal Public Defender, Phoenix, Arizona, for defendant-appellant.

Georgia B. Ellexson, Michael Morrissey, Assistant United States Attorneys, Phoenix, Arizona, for plaintiff-appellee.

Before: REINHARDT, NOONAN, and THOMPSON, Circuit Judges.

NOONAN, Circuit Judge:

Allan Antonio Mussari appeals his conviction of failure to pay a past due obligation of child support in violation of the Child Support Recovery Act, 18 U.S.C. § 228.

## FACTS

Mussari was married in 1983 to his high school sweetheart, Susan Riley, when he was 20 and she was 17. Their first child was born the same year; a second was born in 1985. Mussari had substance abuse problems, and the couple was divorced in Arizona on October 7, 1988, in a proceeding in which Mussari did not participate. Susan was awarded custody of the children; their father was ordered to pay $752 a month for their support.

In October 1988 Mussari was working for his parents' trucking company; his job was on the loading dock. He occasionally drove the trucks until he had an accident with one of them. The next year his parents closed this business and moved to Pontiac, Illinois, where they eventually opened Allan's Pub and Grub, a restaurant. Mussari, lacking a job, followed them. When the restaurant opened in May 1990 he worked there as a bartender at $5 per hour plus tips while living in a studio apartment across from the restaurant.

He continued to work for the restaurant for the next five years, off and on, finding it not easy to work for his parents. In the spring of 1994 he went to work for Davis Wolf as a painter at a salary of $7 an hour; his wages from Wolf in 1994 came to $6,677. He also continued working one day a month as a bartender for Allan's Pub and Grub. Mussari also worked for Wolf from March 3, 1995 to September 8, 1995, earning $7,798.12. He fell off a ladder in September breaking his left shoulder and was fired for drinking on the job; his accident was not covered by insurance, but Wolf paid his hospital bill. Mussari could not work for the next eight months. Prior to the accident, Mussari had married Cindy, a waitress at Allan's Pub and Grub, with children of her own. She supported him during his eight months of unemployment. Mussari then tried again to be a truck driver. It didn't work, so he went back to his parents, getting a job as a cook. Just before trial he had begun to cook for CJ's Catering.

## PROCEEDINGS

In 1992 Susan remarried and Mussari moved to have the child support obligation reduced, alleging his income would be $975 per month. The Maricopa County court reduced the obligation to a monthly $256. His estimate proved to be optimistic, however, and he failed to achieve the earning level he had predicted. In 1993 he was served with notice of an enforcement hearing on the support order in Maricopa County but did not attend. On December 9, 1994 he was arrested by the FBI for violation of the Child Support Recovery Act (the "CSRA"). Mussari was Mirandized, handcuffed, and transported from Pontiac to Peoria, where he was arraigned before a magistrate.

In late December 1994 Mussari drove to Phoenix to make an initial appearance in this case. He was arrested by state authorities and placed in Maricopa County Jail on a charge of being in contempt of the state child support order. He was sentenced to 90 days. While he was incarcerated his parental rights to his two children by Susan were terminated. In the same period his wife Cindy was evicted from their apartment in Pontiac for failure to pay the rent.

On January 11, 1995 Mussari was indicted on a single count charging, "From on or about November 1, 1988, and continuing to

the present, defendant Allan A. Mussari, while residing in a different state, with respect to his two children who reside in the State and District of Arizona, willfully and unlawfully failed to pay a past due support obligation as ordered by the Maricopa County Superior Court, State of Arizona, which obligation is greater than $5,000.00 and has remained unpaid for more than one year."

Represented by the federal public defender, Mussari moved to dismiss the indictment. On July 27, 1995, the district court held the CSRA to be unconstitutional and granted the motion to dismiss. The United States appealed. On September 5, 1996 we sustained the CSRA's constitutionality, reversed the judgment of the district court, and remanded for trial. *United States v. Mussari*, 95 F.3d 787 (9th Cir.1996).

A one day bench trial was held on June 17, 1997. The district court found that Mussari had a support obligation of $41,708, which had remained unpaid for over a year. The court focussed on whether his failure to pay had been willful and stated, "[t]he evidence that would support willful failure to pay is that the defendant was almost continuously employed from the November 1, 1988 date until the present time.... [He was also] given an opportunity to purge himself by going on work furlough wherein he could have obtained employment. And those proceeds, while he was receiving free room and board, could have gone to pay child support.... Taking all of the evidence and the testimony into consideration ..., there is no doubt in the court's mind that the government has proven his ability to pay at some time during the portion of his employment on some dates that the obligations were due .... So any time during the course of his arrearages that he had funds to pay, the court finds that he did have those funds to pay and did not pay them." Finding Mussari guilty, the court sentenced him to six months imprisonment, the maximum for a first time offense under the statute, and to pay restitution of $41,708 plus $28,154.07 in accrued interest.

Mussari appeals, meanwhile having served his six months' sentence of imprisonment.

## ANALYSIS

The CSRA was enacted on October 25, 1992. Its retroactive reach was not considered by the district court or this court on the first appeal, nor was it raised by the parties. Sua sponte we requested briefing. The United States replied that the statute was not retroactive "because it imposes punishment only on a person whose failure to pay an obligation occurs after the effective date of the statute." Mussari replied that the ex post facto clause of the Constitution, art. I, § 9, cl. 3, prohibits application of the statute to any act prior to October 25, 1992.

We agree that acts of Mussari before the statute was enacted cannot constitutionally be made a federal crime. The indictment, however, charged him with acts beginning in November 1988, and, as the government candidly concedes, the district court "relied on defendant's almost continuous employment from 1988 through the trial date of June 17, 1997 ... in judging defendant guilty of a violation of the CSRA." Indeed, the district court in finding Mussari guilty of willfully not paying found him to be so at every time that he had money to pay. The district court drew no distinction between times before and after October 25, 1992. The district court applied the statute retroactively and so applied it unconstitutionally.

As the conviction must be reversed, what follows is dicta but may serve a useful purpose as a guide to enforcement of the statute. First, as of October 25, 1992 Mussari owed child support of approximately $36,000 ($752 × 12 × 4), of which he had paid little. Also according to the district court's construction of the statute, he owed a substantial amount of accrued interest. A total of over $30,000 had been due for over a year. Enactment of the statute did not turn Mussari instantly into a federal offender. His willfulness had to be measured by what capacity he had to pay after the date of the statute's enactment. His crime could not have been the failure to pay $30,000 plus in October 1992 or the failure to pay $41,708 in 1997, but only what sum he could have paid on any particular date after October 25, 1992. A proper indictment would specify such dates.

Second, restitution is to be ordered "under section 3663". 18 U.S.C. § 228(c). The cross-reference incorporates the provisions of 18 U.S.C. § 3663, among them the requirement that the court consider "the financial resources of the defendant," as was not done in this case. § 3663 (a) (1)(B)(i)(II).

Third, failure to accept work furlough from a prison cannot be used as evidence of willful failure to pay, when work furlough, as here, would have doubled the time to be served in custody. To prefer freedom to imprisonment does not show a willful purpose to avoid paying child support.

Fourth, in choosing among the thousands of persons delinquent in honoring their child support obligations, the government need not show itself an unfeeling monster, or make the law hideous, by selecting as its target an ineffectual worker, plagued by accidents and bad luck, without assets to make any restitution, without children to whom he has any legal connection, and with a present wife and family to whom he has important ties.

REVERSED.

DAVID R. THOMPSON, Circuit Judge, Concurring

I agree with the majority that it was a violation of the *ex post facto* clause of the Constitution for the district court to ground its conviction on instances of Mussari's ability to pay and nonpayment of child support which predated the effective date of the Child Support Recovery Act, 18 U.S.C. § 228. Therefore, I concur in the majority opinion.

My view of the defendant Mussari, however, differs substantially from that of my colleagues. The record reflects that Mussari had no intention of paying child support and would rather go to jail than contribute toward the support of his children. I can well understand what prompted the government to prosecute him and the district court to convict him. That conviction, however, must be reversed in view of the *ex post facto* violation.