**UNITED STATES of America, Plaintiff,**

v.

**Dustin P. RUSSELL, Defendant.**

**No. CR 98–40156.**

United States District Court,

D. South Dakota,

Southern Division.

Dec. 30, 1998.

</div>

John J. Ulrich, Craig Peyton Gaumer, U.S. Attorney's Office, Sioux Falls, SD, Mary Thorstenson, U.S. Attorney's Office, Rapid City, SD, for Plaintiff.

Thomas W. Parliman, Parliman & Parliman, Sioux Falls, SD, for Defendant.

<div align="center">

ORDER

</div>

PIERSOL, District Judge.

Pending before the Court is the Magistrate Judge's Report and Recommendation on the Defendant's Motion to Dismiss (Ex Post Facto), suggesting that this Court grant the defendant's motion. (Doc. 22.) The government has filed an objection to the Report and Recommendation. (Doc. 24.) The Court has carefully reviewed the defendant's motion to dismiss, the Magistrate Judge's Report and Recommendation, the government's objections thereto, and the entire file. The Court hereby adopts the Report and Recommendation and grants the defendant's motion to dismiss the indictment for the reason that charging defendant with a felony under 18 U.S.C. § 228(a)(3) violates the Ex Post Facto Clause of the Constitution which prohibits the retrospective application of a criminal law that prejudices a defendant. *See* U.S. CONST. art. I, § 9, cl. 3.

Defendant Russell is charged under the Deadbeat Parents Punishment Act of 1998 ("DPPA"), 18 U.S.C. § 228,[1] with failure to

---

1. Prior to its amendment effective June 24, 1998, this statute was known as the Child Support Recovery Act ("CSRA").

pay past due child support. The Indictment charges:

On or about July 1, 1998, in Yankton County, in the District of South Dakota, defendant, Dustin P. Russell, who resides in a different state with respect to his child, who resides in South Dakota, willfully and unlawfully failed to pay a past due support obligation, as ordered by the First Judicial Circuit, Yankton County, South Dakota, and which obligation has remained unpaid for more than two years and is in an amount greater than $10,000, all in violation of 18 U.S.C. § 228.

(Doc. 1.) The Criminal Case Cover Sheet filed on October 7, 1998, states that the Indictment charges defendant with a felony. (Doc. 2.) In the United States' Response to the Court's Report and Recommendation on Defendant's Motion to Dismiss (Doc. 24), the government acknowledges that the defendant is being charged under the "new felony provision enacted on June 24, 1998" and admits that "[p]rior to June 24, 1998 this crime did not exist."

The state court judgment and order creating defendant's child support obligation is attached to his brief as Exhibit "A." (Doc. 14.) The judgment reflects an award of arrears in the amount of $3,700 for the period of December 1, 1995, through August 31, 1996. The judgment also imposed a support obligation of $300 per month beginning on September 12, 1996. Assuming defendant has paid no child support, his obligation as of June 24, 1998 (the effective date of the amendments to 18 U.S.C. § 228), and on the date alleged in the Indictment (July 1, 1998), exceeded $10,000.[2] Since July 1, 1998 to the present, defendant has been obligated to pay $1,800 for child support.

Prior to its amendment on June 24, 1998, 18 U.S.C. § 228 (the CSRA), provided:

(a) **Offense.**—Whoever willfully fails to pay a past due support obligation with respect to a child who resides in another State shall be punished as provided in subsection (b).

(b) **Punishment.**—The punishment for an offense under this section is—

(1) in the case of a first offense under this section, a fine under this title, imprisonment for not more than 6 months, or both; and

(2) in any other case, a fine under this title, imprisonment for not more than 2 years, or both.

(c) **Restitution.**—Upon a conviction under this section, the court shall order restitution under section 3663 in an amount equal to the past due support obligation as it exists at the time of sentencing.

(d) **Definitions.**—As used in this section—

(1) the term "past due support obligation" means any amount—

(A) determined under a court order or an order of an administrative process pursuant to the law of a State to be due from a person for the support and maintenance of a child or of a child and the parent with whom the child is living; and

(B) that has remained unpaid for a period longer than one year, or is greater than $5,000; and

(2) the term "State" includes the District of Columbia, and any other commonwealth, possession or territory of the United States.

The 1998 amendments to 18 U.S.C. § 228 rewrote the statute to provide, in relevant part:

(a) **Offense.**—Any person who—

(1) willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than 1 year, or is greater than $5,000;

(2) travels in interstate or foreign commerce with the intent to evade a support obligation, if such obligation has remained unpaid for a period longer than 1 year, or is greater than $5,000; or

(3) willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than 2

---

**2.** The Affidavit of Arrears attached as Exhibit "1" to the government's response also confirms that the amount allegedly owed by defendant in June and July of 1998 exceeded $10,000.00. (Doc.24, Exhibit 1.)

years, or is greater than $10,000; shall be punished as provided in subsection (c).

(b) **Presumption.**—The existence of a support obligation that was in effect for the time period charged in the indictment or information creates a rebuttable presumption that the obligor has the ability to pay the support obligation for that time period.

(c) **Punishment.**—The punishment for an offense under this section is—

(1) in the case of a first offense under subsection (a)(1), a fine under this title, imprisonment for not more than 6 months, or both; and

(2) in the case of an offense under paragraph (2) or (3) of subsection (a), or a second or subsequent offense under subsection (a)(1), a fine under this title, imprisonment for not more than 2 years, or both.

These amendments changed the legal consequences of the conduct defendant is charged with in the Indictment. Prior to the amendments, willful failure to pay an obligation greater than $10,000 for more than 2 years would have resulted in imprisonment for not more than 6 months, a class B misdemeanor. As a result of the June 1998 amendments, such conduct could result in imprisonment for not more than 2 years, a class E felony and obviously greater punishment than that which existed when most of the defendant's alleged failures to pay occurred.

 A statute violates the Ex Post Facto Clause when it imparts greater punishment for an offense than that which existed at the time the offense was committed. *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990) (citations omitted). If a statute "changes the legal consequences of acts completed before its effective date," it may run afoul of the Ex Post Facto Clause. *Weaver v. Graham*, 450 U.S. 24, 31, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Central to the ex post facto prohibition is a concern for "the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Weaver*, 450 U.S. at 30, 101 S.Ct. at

965. Prosecuting defendant under the new felony provision of 18 U.S.C. § 228 at this time would violate the Ex Post Facto Clause because at the time defendant committed the acts that, taken together, would constitute a felony, he could not have been charged with a felony. Defendant's conduct subsequent to enactment of the amendments does not meet the statute's definition of a felony. Accordingly, the Indictment charging defendant with a felony must be dismissed.

In opposition to dismissal of the Indictment and in support of its position that the charges against defendant do not violate the Ex Post Facto Clause, the government relies heavily on *United States v. Crawford*, 115 F.3d 1397 (8th Cir.1997). A discussion of the *Crawford* case will reveal why it is inapposite. Crawford was ordered by Texas courts to make child support payments in March 1988, and he became delinquent on his obligation by November 1988. *Id.* at 1402. A divorce decree that finalized his child support obligation was issued by the Texas courts in November 1990, some two years before the CSRA became law on October 25, 1992. *Id.* Crawford was indicted on February 15, 1996, on "one count of violating the CSRA from October 31, 1992 through February 14, 1996." *Id.* Crawford was convicted after a court trial and ordered to pay full restitution, including amounts due prior to the effective date of the CSRA. On appeal, Crawford contended that the restitution order covering the full amount of child support owed, including amounts that were due prior to the effective date of the statute, violated the Ex Post Facto Clause insofar as it imposed punishment for conduct that occurred prior to enactment of the statute. The court ruled that because restitution is not punishment within the meaning of the Ex Post Facto Clause it was not unconstitutional to order Crawford to pay amounts due prior to enactment of the CSRA.[3] *Id.* at 1403. The court specifically noted that Crawford's conviction was based solely on willful failure tp pay past due child support obligations "which post-dated the effective date of the statute." *Id.* Unlike Crawford who was charged only for post-

**3.** The court also rejected Crawford's argument that the CSRA may only be used to enforce judicial decrees rendered after the effective date of the Act. *Id.* at 1402.

enactment conduct, defendant Russell has been charged for pre-enactment conduct. The defendant in the present case is not challenging a restitution order as Crawford did; rather, he contends that he is subject to greater punishment (i.e., 2 years imprisonment) than that which was authorized at the time the pre-enactment conduct occurred. Consequently, *Crawford* lends no support to the government's argument in this case.

Other cases relied upon by the government, *United States v. Muench*, 153 F.3d 1298 (11th Cir.1998), and *United States v. Hampshire*, 95 F.3d 999 (10th Cir.1996), are distinguishable for the same reasons as *Crawford*. Both Black and Hampshire failed in ex post facto challenges to restitution orders requiring them to pay amounts of child support due prior to enactment of the CSRA, but both had been charged with failing to pay in excess of $5,000 from and after the date the statute was enacted. *See also, United States v. Black*, 125 F.3d 454, 467 (7th Cir. 1997) (the time frame of the information post-dated the effective date of the CSRA and the arrearage that had accrued after enactment of the statute exceeded the statutory amount).

*Murphy v. United States*, 934 F.Supp. 736 (W.D.Va.1996), *reversed on other grounds*, 117 F.3d 137 (4th Cir.1997), cited by the government, is the only case that supports its argument that it does not violate the Ex Post Facto Clause to punish a defendant for pre-enactment conduct. Although the government's brief cites the case as being affirmed by the Fourth Circuit Court of Appeals, it in fact was reversed and has no precedential value.

Defendant accurately asserts that it violates the Ex Post Facto Clause to be charged with a felony based on conduct that occurred prior to enactment of the new felony provision of 18 U.S.C. § 228(a)(3), conduct that would have amounted to only a misdemeanor at the time it occurred. *United States v. Mussari*, 152 F.3d 1156 (9th Cir.1998), is instructive on this issue.

In *Mussari*, the defendant was charged under the CSRA, prior to its amendment, with failure to pay past due child support, "[f]rom on or about November 1, 1988, and continuing to the present [June 17, 1997]."

*Id.* at 1157–1158. As mentioned earlier, the CSRA became effective on October 25, 1992, so the defendant was charged with both pre-enactment and post-enactment conduct. During a court trial, the district court found that the defendant's failure to pay child support was "willful," but the court made "no distinction between times before and after October 25, 1992." *Id.* at 1158. Finding Mussari guilty, the court sentenced him to six months imprisonment. On appeal, the court reversed, ruling that the district court erred if it considered willful failures to pay that arose prior to October 25, 1992 because the CSRA could not be applied constitutionally to defendant's conduct which preceded its enactment. The court stated:

> A total of over $30,000 had been due for over a year [as of October 25, 1992]. Enactment of the statute [on October 25, 1992] did not turn Mussari instantly into a federal offender. His willfulness had to be measured by what capacity he had to pay after the date of the statute's enactment. His crime could not have been the failure to pay $30,000 plus in October 1992 or the failure to pay $41,708 in 1997, but only what sum he could have paid on any particular date after October 25, 1992. A proper indictment would specify such dates.

*Id.* at 1158. Like Mussari, defendant Russell is charged with both pre-enactment and post-enactment conduct. The government admits that a felony conviction can only be attained by including the pre-amendment acts. If applied to defendant in this case, the amendment undoubtedly "changes the legal consequences of acts completed before its effective date." *Weaver, supra*, at 31, 101 S.Ct. at 965.

The Court received from the government, and has carefully reviewed, a copy of the Order of Senior United States District Judge Charles E. Simons, Jr., for the District of South Carolina in the matter entitled *United States v. Douglas Wayne Watkins*, Crim. 5:980673, dated December 8, 1998. Relying upon the cases that this Court cited and distinguished above, Judge Simons ruled that "the $10,000 arrearage required by the DPPA need not entirely be accrued after the date of the DPPA amendments." *Id.* at 2.

This Court respectfully disagrees and is persuaded by the reasoning of the court in *Mussari.*

A felony conviction based on instances of defendant Russell's willful nonpayment of child support which predated the effective date of the new felony provision in the Deadbeat Parents Punishment Act of 1998 would violate the Ex Post Facto Clause of the Constitution. Consequently, the Indictment must be dismissed. Accordingly,

IT IS ORDERED:

(1) that the Magistrate Judge's Report and Recommendation (Doc. 22) is adopted;

(2) that the defendant's Motion to Dismiss (Ex Post Facto) (Doc. 15) is granted; and

(3) that the Indictment is dismissed without prejudice to any right the government may have to proceed against defendant on a charge that does not violate the Ex Post Facto Clause.

## JUDGMENT

In accordance with the Order filed with the Clerk of Court on December 30, 1998,

IT IS ORDERED, ADJUDGED, and DECREED that the Indictment against the defendant is dismissed without prejudice.