# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1451

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Dustin P. Russell, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 18, 1999
Filed: July 19, 1999

_____

Before MURPHY and MAGILL, Circuit Judges, and REASONER,[*] District Judge.

_____

MAGILL, Circuit Judge.

The government indicted Dustin P. Russell for violating the Deadbeat Parents Punishment Act (DPPA), 18 U.S.C.A. § 228 (West 1999), by willfully failing to pay more than $10,000 in past due support obligations. The district court dismissed the indictment, finding that it violated the Ex Post Facto Clause, U.S. Const. art. I, § 9, cl. 3. We reverse and remand.

_____

[*]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas, sitting by designation.

**I.**

On September 3, 1996, a South Dakota state court entered an order requiring Russell to pay $300 per month in child support obligations and to pay a lump sum of $3,700 for past due obligations that accrued between December 1, 1995 and August 31, 1996.

At the time the order was entered, the Child Support Recovery Act (CSRA) criminalized the willful failure to pay a past due support obligation, for a child residing in a different state, that had remained unpaid for longer than one year or was in excess of $5,000.  See 18 U.S.C. § 228(a) (1994).[1]  The CSRA provided for up to six months' imprisonment for a first-time offender.  See id. § 228(b)(1).

In 1998, Congress enacted the DPPA, which amended section 228 to provide up to twenty-four months' imprisonment for a person who willfully fails to pay a support obligation, with respect to a child living in another state, that has remained unpaid for

---

[1]The statute provided, in relevant part:

> (a) OFFENSE.--Whoever willfully fails to pay a past due support obligation with respect to a child who resides in another State shall be punished as provided in subsection (b).
>     . . . .
> (d) DEFINITIONS.--As used in this section--
>         (1) the term "past due support obligation" means any amount--
>         . . . .
>             (B) that has remained unpaid for a period longer than one year, or is greater than $5,000 . . . .

18 U.S.C. § 228 (1994).

longer than two years or that is greater than $10,000.[2] See 18 U.S.C.A. § 228(a)(3), (c)(2) (West 1999).

Subsequent to the DPPA's enactment on June 24, 1998, a grand jury returned an indictment charging Russell with one count of willfully failing to pay a support obligation in violation of section 228, as amended. The indictment charged:

[2]The statute provides, in relevant part:

(a) OFFENSE.--Any person who--
        (1) willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than 1 year, or is greater than $5,000; [or]
        . . . .
        (3) willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than 2 years, or is greater than $10,000; shall be punished as provided in subsection (c).
. . . .
(c) PUNISHMENT.--The punishment for an offense under this section is--
        (1) in the case of a first offense under subsection (a)(1), a fine under this title, imprisonment for not more than 6 months, or both; and
        (2) in the case of an offense under paragraph (2) or (3) of subsection (a), or a second or subsequent offense under subsection (a)(1), a fine under this title, imprisonment for not more than 2 years, or both.
. . . .
(f) DEFINITIONS.--As used in this section.--
        . . . .
        (3) the term "support obligation" means any amount determined under a court order or an order of an administrative process pursuant to the law of a State or of an Indian tribe to be due from a person for the support and maintenance of a child or of a child and the parent with whom the child is living.

18 U.S.C.A. § 228 (West 1999).

On or about July 1, 1998, in Yankton County, in the District of South Dakota, defendant, Dustin P. Russell, who resides in a different state with respect to his child, who resides in South Dakota, willfully and unlawfully failed to pay a past due support obligation, as ordered by the First Judicial Circuit, Yankton County, South Dakota, and which obligation has remained unpaid for more than two years and is in an amount greater than $10,000, all in violation of 18 U.S.C. § 228.

Russell filed a motion to dismiss the indictment on the ground that he did not accrue more than $10,000 in past due support obligations after enactment of the DPPA and that the government's reliance on his pre-enactment accrual of more than $10,000 in support obligations violated the Ex Post Facto Clause. A magistrate judge agreed with Russell's argument and recommended that the indictment be dismissed. The district court adopted the magistrate judge's report and recommendation and dismissed the indictment. See United States v. Russell, 31 F. Supp.2d 1171, 1175 (D.S.D. 1998). This appeal followed.

## II.

We review de novo a district court's application of the Ex Post Facto Clause to a criminal prosecution. See United States v. Crawford, 115 F.3d 1397, 1402 (8th Cir. 1997). "The ex post facto prohibition forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28 (1981) (footnote and internal quotation marks omitted); see also Collins v. Youngblood, 497 U.S. 37, 43 (1990) ("Legislatures may not retroactively alter the definition of crimes or increase the punishment for criminal

acts."). Thus, application of a statute that is both retrospective and more onerous than the law in effect on the date of the crime violates the Clause. See Weaver, 450 U.S. at 30-31. "Through this prohibition, the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." Id. at 28-29.

The indictment in this case charged Russell with willfully failing to pay more than $10,000 in past due support obligations. Russell contends that the indictment violated the Ex Post Facto Clause because the government relied on conduct that predated enactment of the DPPA--namely his accumulation of more than $10,000 in past due support obligations.[3] We reject this argument because the DPPA (and the indictment) criminalizes a defendant's post-enactment willful failure to pay a past due support obligation in excess of $10,000; it does not criminalize the mere accrual of this arrearage. Therefore, the statute is not retrospective and, thus, does not run afoul of the ex post facto prohibition.

This court's analysis of an ex post facto challenge in an analogous situation demonstrates why the timing of the accrual is irrelevant for purposes of the Ex Post Facto Clause. In United States v. Woods, 696 F.2d 566 (8th Cir. 1982), the defendant challenged his conviction for violating a statute prohibiting felons from possessing firearms that affected or traveled in interstate commerce. The defendant argued that his conviction could not be sustained because the government offered no proof that the

---

[3]It is undisputed that Russell did not accumulate more than $10,000 in past due support obligations after enactment of the DPPA.

gun he possessed had crossed state lines <u>after</u> the statute became effective. <u>See</u> <u>id.</u> at 571. This court held that even if the gun did not travel in interstate commerce after the statute's effective date, the conviction was proper because the statute criminalized the possession of a firearm by a felon, not its interstate transport. <u>See</u> <u>id.</u> at 572. Rather than criminalizing the interstate movement of a firearm, the interstate element of the statute identified what <u>kind</u> of gun felons were prohibited from possessing. <u>See</u> <u>United States v. Gillies</u>, 851 F.2d 492, 495 (1st Cir. 1988) (citing <u>Woods</u>, 696 F.2d at 572).

Like the interstate transport element of the felon in possession statute at issue in <u>Woods</u>, the DPPA's requirement that the defendant have in excess of $10,000 in past due support obligations identifies what kind of obligation the defendant must willfully fail to pay to be subject to prosecution; the statute does not criminalize the mere accumulation of those past due support obligations.[4] <u>See</u> <u>United States v. Muench</u>, 153 F.3d 1298, 1305 (11th Cir. 1998) ("Muench did not violate the CSRA by failing to make regular payments prior to October 25, 1992; he violated the statute by not making payments after the law's enactment."). The DPPA criminalizes the willful failure to

---

[4]Even if we were to hold that the DPPA criminalizes the mere accrual of past due support obligations, the indictment in this case would still withstand Russell's Ex Post Facto Clause challenge. This court has recognized that the failure to pay child support is a continuing offense. <u>See</u> <u>Crawford</u>, 115 F.3d at 1406; <u>accord</u> <u>United States v. Muench</u>, 153 F.3d 1298, 1304 (11th Cir. 1998). It is well established that "'[i]n the case of continuing offenses[,] the Ex Post Facto clause is not violated by application of a statute to an enterprise that began prior to, but continued after, the effective date of [the statute].'" <u>United States v. Garfinkel</u>, 29 F.3d 1253, 1259 (8th Cir. 1994) (quoting <u>United States v. Torres</u>, 901 F.2d 205, 226 (2d Cir. 1990)) (third alteration in original). Because Russell's failure to pay his past due support obligations constituted a continuing offense, his alleged willful failure to pay after enactment of the DPPA provides a basis for prosecution that does not run afoul of the Ex Post Facto Clause.

satisfy past due obligations in excess of $10,000, and the indictment properly charges Russell with violating this prohibition after enactment of the statute. Cf. Russell v. Gregoire, 124 F.3d 1079, 1088-89 (9th Cir. 1997), cert. denied, 118 S. Ct. 1191 (1998) ("It is hornbook law that no ex post facto problem occurs when the legislature creates a new offense that includes a prior conviction as an element of the offense, as long as the other relevant conduct took place after the law was passed."); United States v. Alkins, 925 F.2d 541, 549 (2d Cir. 1991) ("Since appellants permitted the final element of the crime to occur after the effective date of the statute, their mail fraud convictions did not violate the ex post facto clause."). Because the government's reliance on Russell's pre-enactment accumulation of past due support obligations does not violate the Ex Post Facto Clause, the indictment was proper and should not have been dismissed.

The Seventh Circuit reached the same conclusion in an analogous situation involving a conviction under the CSRA. See United States v. Black, 125 F.3d 454, 466-67 (7th Cir. 1997), cert. denied, 118 S. Ct. 1327 (1998). In upholding the defendant's conviction under the CSRA, the Black court held that it did not matter that the defendant accrued his past due support obligations before the CSRA became effective. Id. at 466. Instead, the court stated "[w]hat is relevant is that [the debt] remained unpaid" and that the defendant willfully failed to satisfy it after enactment of the statute.[5] Id. at 466-67. We find the Black court's reasoning directly applicable to

---

[5]Russell asks this court to disregard Black's holding because the defendant in that case also accumulated past due support obligations after enactment of the CSRA. However, the Black court did not rely on this fact when reviewing the propriety of the conviction under the Ex Post Facto Clause. 125 F.3d at 466. Thus, this fact does not

this case and, therefore, follow its conclusion that the time at which Russell accumulated over $10,000 in past due support obligations does not implicate the ex post facto prohibition.

Russell relies on the Ninth Circuit's decision in United States v. Mussari, 152 F.3d 1156 (9th Cir. 1998), to support his argument to the contrary. However, Mussari only addressed the willfulness element of a conviction under the CSRA. In Mussari, the government charged the defendant with willfully failing to pay his past due support obligations in violation of the CSRA. Id. at 1158. When presenting its case, the government relied in part upon evidence that the defendant willfully failed to pay past due support obligations before the effective date of the CSRA. See id. The Mussari court held that it was error for the government to rely upon evidence of willfulness before enactment of the CSRA. Id. The Mussari court explained that the defendant's conviction could be sustained only if he willfully failed to pay past due support obligations after enactment. Id. In contrast to Mussari, the government here does not allege that Russell willfully failed to pay support obligations before enactment of the DPPA, but instead alleges only that he willfully failed to pay after enactment. Because the government does not rely on evidence of willfulness that pre-dated enactment of the DPPA, Mussari's prohibition is inapposite to this case.

In sum, the indictment does not attempt to criminalize Russell's pre-DPPA conduct and, thus, is not retrospective. The DPPA "gave [Russell] fair warning of its effect should he not pay past due child support obligations after its effective date, and

---

undermine the Black court's analysis of this issue.

yet he chose not to pay.  Consequently, [Russell's indictment] does not violate the <u>ex</u> <u>post</u> <u>facto</u> clause because [it subjects him to punishment] in accordance with the law as it existed at the time of his offense."  <u>Crawford</u>, 115 F.3d at 1403.

## III.

For the foregoing reasons, we REVERSE and REMAND with instructions to reinstate the indictment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.