United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2007

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 06-30102

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROBERT WAYNE BRAZELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana

_____

Before SMITH, BENAVIDES, and DENNIS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Robert Brazell appeals the application of a two-point enhancement at sentencing. We reverse and remand.

I.

Brazell was indicted in the Southern District of Alabama in October 2004 for wilful failure to pay state court-ordered child support payments from April 2000 to April 2004 in violation of 18 U.S.C. § 228(a)(3). The case was transferred by consent to the Western District of Louisiana. Brazell pleaded guilty, and the parties entered into evidence a signed stipulation in which Brazell admitted that in November 1983 he had been ordered to pay monthly support for two children; that in February 2000 he had been ordered to pay $38,384.81 in arrearages due since November 1999; and that, as of the time of his plea, he had not made a payment since February 2000. He admitted that, as of July 2005, he would be

$62,342.45 in arrears.

Brazell's presentence investigation report ("PSR") suggested a base offense level of 6 pursuant to U.S.S.G. §§ 2J1.1 and 2B1.1(a)(2) (which govern sentencing for violations of § 228(a)(3)). The PSR recommended adding six levels because Brazell's conduct resulted in a loss of more than $30,000 and less than $70,000. *See* U.S.S.G. § 2B1.1(b)(1)(D). The PSR suggested subtracting two levels for acceptance of responsibility, thus arriving at a suggested offense level of 10.

The PSR calculated Brazell's criminal history category at III. Brazell was assessed two criminal history points for six convictions and two points because he had committed the child support offense while on probation for a 2005 state drug conviction.[1]

Brazell objected to the addition of two points pursuant to § 4A1.1(d), asserting, *inter alia*, that he did not violate § 228(a)(3) while on probation. The district court scheduled a sentencing hearing, but Brazell failed to appear and was arrested and detained pending a new hearing. At the hearing, the court overruled Brazell's objection to the § 4A1.1(d) enhancement, concluding that failure to pay child support was a continuing offense that extended beyond the date of Brazell's indictment and continued during the time after he was placed on probation in February 2005. The court further ruled that Brazell was not entitled to a two-point reduction in his offense level for acceptance of responsibility, noting that he had failed to appear at his sentencing hearing, had violated the terms of his pretrial release by

testing positive for cocaine when he was rearrested, and had continued to fail to meet his child support obligations.

Calculating Brazell's offense level at 12 and his criminal history category at III, the district court identified Brazell's advisory guideline range to be 15-21 months' imprisonment. The court sentenced him to 21 months followed by one year of supervised release, subject to payment of restitution.

Brazell appealed, then his counsel moved for leave to withdraw from representation pursuant to *Anders v. California*, 386 U.S. 738 (1967). We denied the motion and ordered counsel to brief "whether the district court erred by adding two points to Brazell's criminal history score pursuant to U.S.S.G. § 4A1.1(d) because Brazell's offense was committed while he was serving a sentence of probation," as well as any other issues counsel deemed meritorious.

II.

Brazell argues that application of the enhancement is inappropriate, because his offense may not legally be deemed to have continued after the date of his indictment. We review a sentence for overall reasonableness. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). We review a district court's interpretation and application of the sentencing guidelines *de novo*, *see United States v. Reyes-Mata*, 305 F.3d 362, 366 (5th Cir. 2002), and its factual findings for clear error, *United States v. Rodriguez-Mesa*, 443 F.3d 397, 401 (5th Cir. 2006).

To determine whether application of § 4A1.1(d) was appropriate, we first must evaluate whether violation of § 228(a)(3) constitutes a continuing offense such that Brazell could have continued to commit it after he was

---

[1] *See* U.S.S.G. § 4A1.1(d) (specifying the addition of two criminal history points for an offense committed while on probation).

sentenced to probation for his drug offense. We note that, though the issue whether failure to pay child support constitutes a continuing offense is one of first impression in this circuit, our sister circuits that have considered it have concluded that it is a continuing one. *See United States v. Russell*, 186 F.3d 883, 886 n.4 (8th Cir. 1999); *United States v. Muench*, 153 F.3d 1298, 1304 (11th Cir. 1998).

We agree. The Supreme Court has defined "continuing offense" to include "a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy." *United States v. Midstate Horticultural Co.*, 306 U.S. 161, 166 (1939). Section 228 "criminalizes a defendant's . . . *willful failure to pay* a past due support obligation in excess of $10,000; it does not criminalize the mere *accrual* of this arrearage." *Russell*, 186 F.3d at 885. A defendant's continual wilful failure to satisfy his child support debt fits the description of *Midstate* and constitutes a continuing offense.

Notwithstanding that wilful failure to pay child support is a continuing offense, application of § 4A1.1 was inappropriate. Although we have not previously addressed application of § 4A1.1(d) pursuant to a conviction for failure to pay support, we have discussed it in the immigration context. In *United States v. Santana-Castellano*, 74 F.3d 593 (5th Cir. 1996), we determined that § 4A1.1(d) appropriately applies to an alien who illegally reentered the United States and, before being apprehended by immigration officials, committed a crime for which he was sentenced to confinement in a state prison. We reasoned that he had continued to remain unlawfully in the United States during the course of his state sentence, during which he was "found" by federal officials who prosecuted him for illegal reentry.

"A continuing offense, by its very nature, does not terminate until the date of the indictment or the voluntary termination of the illegal activity." *Id*. at 598.

The government argues that, by submitting the factual stipulation, Brazell freely admitted that his illegal activity continued during his probation. He expressly affirmed the accuracy of his factual stipulations during his guilty plea colloquy. In that stipulation, submitted in June 2005, a little over four months after he had been placed on probation for the state drug offense, he stated that he had not made any child support payments since February 2000 and that as of July 2005, eight days after the stipulation was filed, he would be $62,342.45 in arrears. The government contends that, because the PSR reflected these factual stipulations (by calculating that as of September, 2005 Brazell would be $63,576.45 in arrears), and because Brazell failed to object to any of the facts contained in the PSR, the district court correctly relied on those facts and applied the enhancement.

We disagree. We need not address Brazell's argument that the date of indictment is the latest date on which a continuing offense may deemed to have taken place (i.e., his contention that the date of "voluntary termination of illegal activity" applies only where that date precedes the date of indictment): Instead, we believe that the district court erred by ruling that Brazell's conduct during his probation violated § 228.

That section criminalizes only the *wilful* failure to pay child support obligations; it confers a rebuttable presumption of ability to pay only during the time period alleged in the indictment. *See* § 228(b). Brazell's admission that he failed to make child support payments during the period in which he was on proba-

3

tion creates no presumption that his failure was wilful, and without any proof of wilfulness (i.e., ability to pay) during the time of his probation, there is insufficient evidence to sustain the district court's conclusion that he continued to violate the statute.[2] Consequently, that court erred by applying § 4A1.1(d), because there was insufficient evidence to conclude that Brazell had violated § 228 while under a criminal sentence.

### III.

In summary, the district court's miscalculation of the guidelines resulted in a guidelines sentence of 21 months, but the relevant guideline range without the § 4A1.1 enhancement would have been 12-18 months. *See* U.S.S.G. § 5A, Sentencing Table. Accordingly, we REVERSE and REMAND for resentencing.[3]

---

[2] *See United States v. Mussari*, 152 F.3d 1156, 1158 (9th Cir. 1998) (holding that conviction for wilful failure to pay child support during time period covering dates before and after enactment of statute violated Ex Post Facto Clause, because evidence of ability to pay pertained only to dates before statute's enactment).

[3] *See United States v. Villegas*, 404 F.3d 355, 360 (5th Cir. 2005).