# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2008

Charles R. Fulbruge III
Clerk

No. 06-50429
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAFAEL EDMUNDO TOVAR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-105

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rafael Edmundo Tovar pleaded guilty to conspiracy to distribute more than 50 grams of methamphetamine, possession with the intent to distribute more than 50 grams of methamphetamine, and conspiracy to distribute more than 200 grams of methamphetamine. The district court sentenced him to 360 months of imprisonment, five years of supervised release, and a $300 special assessment. Tovar now appeals his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ordinarily, this court reviews a district court's interpretation and application of the Sentencing Guidelines de novo and reviews a district court's factual findings for clear error. United States v. Brazell, 489 F.3d 666, 668 (5th Cir. 2007). Issues that were not raised in the district court are reviewed for plain error only. United States v. Myers, 198 F.3d 160, 166 (5th Cir. 1999).

Tovar argues that the district court erred in applying a four-level enhancement for his being a leader or organizer because the presentence report stated that he was a manager or supervisor, a finding that warrants only a three-level enhancement. See U.S.S.G. § 3B1.1. The Government argues that Tovar did not adequately raise this issue in the district court to preserve it for appellate review and that our review should therefore be for plain error.

At sentencing, both parties interchanged § 3B1.1's terminology, arguing whether Tovar was a "leader and manager." Although the district court did at one point refer to the question at issue as whether Tovar was a "supervisor/manager," it also questioned whether Tovar was the "head of the conspiracy." The district court did not specifically state that it found that Tovar was a leader or organizer, although it applied the four-level enhancement consistent with such a finding. Under either standard of review advanced by the parties, we conclude that the application of the four-level enhancement was not error. The testimony of DEA Agent Randel Gillette at Tovar's sentencing hearing was adequate to support a finding that Tovar was the leader or organizer of the criminal activity.

Tovar also argues that his 360-month sentence is unreasonable. He argues that the district court did not adequately consider that the instant conviction is his first felony conviction and did not adequately consider the need for the sentence to provide just punishment for the offense.

Where, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir.

2006).  To rebut the presumption, Tovar must demonstrate that the sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor; or (3) represents a clear error of judgment in balancing the sentencing factors" and "falls so far afoul of one of [these standards] as to constitute a clear error in the court's exercise of its broad sentencing discretion."  United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.) (internal quotation marks and citation omitted), cert. denied, 128 S. Ct. 163 (2007).  Tovar has not made the showing required to rebut the presumption that his sentence within a properly calculated guidelines range is reasonable.  The judgment of the district court is AFFIRMED.