WILLIAMS, J.
|, The defendant, Charles Elgin Stanley, was charged by bill of information with failure to pay his child support obligation, a violation of LSA-R.S. 14:75. Subsequently, the defendant filed a motion to quash the bill of information. The trial court granted the motion to quash, finding that the time to initiate prosecution had prescribed. The State of Louisiana appeals, urging that the trial court erred in granting the defendant’s motion to quash. For the following reasons, we reverse and remand.
FACTS
In August 1994, the defendant was ordered to pay $1,498.00 per month in child support for his five children. Defendant did not make any payments for approximately three years and eventually, he paid a total of $11,197.76. In January 2007, four months following defendant’s last payment, a bench warrant was issued for his arrest in an attempt to collect child support. One year later, the State of Louisiana, Support Enforcement, Department of *1036 Children and Family Services (“Support Enforcement”), submitted defendant’s name to the federal tax refund offset program and the passport denial program. Subsequently, Support Enforcement forwarded defendant’s name to the state tax refund offset program, to credit bureaus and to the lottery division for interception of winnings. In September 2013, defendant owed $157,234.24 in child support arrears. All of defendant’s children are currently over the age of 18, with the last child having turned 18 on June 10, 2008.
By bill of information dated May 20, 2014, the defendant was charged with the failure to pay child support for at least one year and with 12more than $15,000 owed. Defendant filed a motion to quash the bill of information, alleging that the prosecution was untimely because his youngest child had attained the age of 18 more than four years prior to the filing of the bill of information. The state filed an amended bill to cite-the applicable felony paragraph, LSA-R.S. 14:75(0(5). The defendant supplemented his motion to quash to assert that the felony charge did not apply to him because that provision did not take effect until after his youngest child had turned 18 years old.
After a hearing, the trial court granted defendant’s motion to quash. In his oral ruling, the trial judge stated in pertinent part:
The ongoing child support obligation for even the youngest child terminated more than four years before the bill of information was filed. The original bill of information. The federal law relied upon in the state’s memorandum does provide that this is an ongoing crime and that under that law, federal law, federal decision of law this case would not have prescribed. Here, the ongoing obligation terminated, no longer was accruing, more than four years before the original bill was filed in this case. So what is involved then is arrearages and the question is whether or not were there existing arrearages even though the ongoing obligation is no longer accruing; can we say that there’s a continuing obligation or continuing crime? Under the federal cases that the assistant district attorney provided the answer to that is, yes.
However, the trial court declined to follow the federal jurisprudence interpreting a federal law with almost identical language as the state statute, concluding that under state law, the right to prosecute had prescribed. The state objected to the trial court’s ruling and asked that the court maintain the defendant on bond until its appeal could be resolved. The trial court denied the request and the state filed an emergency writ application. This court denied the writ, but ordered expeditious handling of the appeal. State v. Stanley, 49, 676-JWK (La.App.2d Cir.9/12/14). The state appeals the ruling granting the defendant’s motion to quash.
DISCUSSION
The state contends the trial court erred in granting the defendant’s motion to quash. The state argues that the prosecution was instituted timely because the defendant’s failure to pay child support was a continuing offense that did not terminate until the date of indictment.
Typically, appellate courts apply an abuse of discretion standard in reviewing a district court’s ruling on a motion to quash; see, State v. Love, 2000-3347 (La.5/23/03), 847 So.2d 1198. However, this case involves a question of law and appellate review of a legal determination is done under the de novo standard of review. State v. Hall, 2013-0453 (La.App. 4th Cir.10/9/13), 127 So.3d 30.
*1037 LSA-R.S. 14:75 provides in pertinent part:
B. It shall be unlawful for any obligor to intentionally fail to pay a support obligation for any child who resides in the state of Louisiana, if such obligation has remained unpaid for a period longer than six months or is greater than two thousand five hundred dollars.
C. (1) For a first offense, the penalty for failure to pay a legal child support obligation shall be a fine of not more than five hundred dollars or imprisonment for not more than six months, or both.
(2) For a second or subsequent offense, the penalty for failure to pay a legal child support obligation shall be a fine of not more than twenty-five hundred dollars or imprisonment with or without hard labor for not more than two years, or both.
By Acts 2008, No. 386, effective August 15, 2008, the legislature amended the statute to add a new tier of the offense:
|4C. (5) The penalty for failure to pay a legal child support obligation when the amount of the arrearage is more than fifteen thousand dollars and the obligation has been outstanding for at least one year shall be a fine of not more than twenty-five hundred dollars, or imprisonment with or without hard labor for not more than two years, or both.
Notably, a first conviction under the new tier of the offense is a felony.
The Louisiana statute is very similar to the federal law regarding the failure to pay child support, 18 U.S.C.A. § 228, which provides in pertinent part:
(a)Offense. — Any person who—
(1) willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than 1 year, or is greater than $5,000;
(2) travels in interstate or foreign commerce with the intent to evade a support obligation, if such' obligation has remained unpaid for a period longer than 1 year, or is greater than $5,000; or
(3) willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than 2 years, or is greater than $10,000; shall be punished as provided in subsection (c).
(b) Presumption. — The existence of a support obligation .that was in effect for the time period charged in the indictment or information creates a rebuttable presumption that the obligor has the ability to pay the support obligation for that time period.
(c) Punishment. — The punishment for an offense under this section is—
(1) in the case of a first offense under subsection (a)(1), a fine under this title, imprisonment for not more than 6 months, or both; and
(2) in the case of an offense under paragraph (2) or (3) of subsection (a), or a second or subsequent offense under subsection (a)(1), a fine under this title, imprisonment for ¡shot more than 2 years, or both.
The state and federal statutes similarly define a support obligation as any amount determined by a court order to be due from a person for the support and maintenance of a child or children. LSA-R.S. 14:75(E)(2); 18 U.S.C.A. § 228(f)(3). Given the similarity of the language used in La. R.S. 14:75 and the federal statute, our state courts should consider the guidance provided by the federal courts in interpreting the statutory language.
*1038 Because Section 75 does not contain specific limitations for institution of prosecution, the state is subject to the general limitation period in LSA-C.Cr.P. art. 572, which provides that no person shall be prosecuted for a felony not necessarily punishable by imprisonment at hard labor, unless the prosecution is instituted within four years after the offense has been committed. LSA-C.Cr.P. art. 572(A)(2).
A “continuing offense” has been defined as a continuous, unlawful act or series of acts set in motion by a single impulse and operated by an unintermittent force. City of Baton Rouge v. Ross, 94-0695 (La.4/28/95), 654 So.2d 1311; United States v. Brazell, 489 F.3d 666 (5th Cir.2007). A defendant’s continual wilful failure to satisfy his child support debt constitutes a continuing offense. United States v. Edelkind, 525 F.3d 388 (5th Cir.2008), cert denied, 555 U.S. 908, 129 S.Ct. 246, 172 L.Ed.2d 186 (2008); Brazell, supra. A continuing offense, by its very nature, does not terminate until the date of the indictment or the voluntary termination of the illegal activity. Edelkind, supra; United States v. Alvarado-Santilano, 434 F.3d 794 (5th Cir.2005).
|fiIn Edelkind, supra, the accused was indicted for wilfully failing to pay child support in violation of 18 U.S.C.A. § 228. At the time of trial, he owed nearly $90,000.00. Following a jury trial, Edel-kind was convicted and sentenced to 24 months imprisonment and ordered to pay restitution of approximately $95,000.00. On appeal, Edelkind, like the present defendant, asserted that the government had waited too long to prosecute him. The appellate court determined that the intentional failure to pay child support is a continuing offense for statute of limitations purposes, citing Brazell and the decisions of other federal and state courts.
Additionally, the court considered the statutory language as an indication of legislative intent concerning the nature of the offense. After noting that the statute criminalizes conduct lasting in excess of two years or resulting in the accumulation of an amount owed greater than $10,000, the court found that a plain reading of the statute showed the intent of Congress that violation of the federal statute would be a continuing offense. Similarly, considering the language of La. R.S. 14:75(0(5), use of the phrase “at least one year,” indicates that the Louisiana legislature contemplated that an offender’s wilful failure to pay support would extend beyond a period of one year and thereby constitute a continuing offense.
As the Fifth Circuit noted in Edelkind, other federal circuit courts of appeal have likewise held that 18 U.S.C.A. § 228 is a continuing offense. See United States v. Russell, 186 F.3d 883 (8th Cir.1999); United States v. Muench, 153 F.3d 1298 (11th Cir.1998); and United States v. Crawford, 115 F.3d 1397 (8th Cir.1997). Specifically, in Russell, supra, where the |7defendant was charged with the failure to pay past due child support of more than $10,000, the court rejected the argument that the indietrpent violated the Ex Post Facto Clause of the U.S. Constitution.
The Russell case is particularly instructive in this matter in light of the defendant’s argument that La. R.S. 14:75(0(5) is not applicable to him because his support obligation stopped accumulating when his child turned 18, prior to the effective date of that felony provision. As the court stated in Russell, the federal statute criminalizes a defendant’s post-enactment wilful failure to pay a past due support obligation and not the prior accrual of the arrearage. For the same reason, contrary to defendant’s argument, the date when his child support obligation allegedly stopped accru *1039 ing is not relevant because Section 75(C)(5) addresses the defendant’s intentional failure to pay his child support debt after enactment of the statute.
Further, other state courts have addressed this issue and agree that the wilful failure to pay child support is a continuing violation. See Harvill v. Texas, 13 S.W.3d 478 (Tex.Ct.App.2000); Wisconsin v. Monarch, 230 Wis.2d 542, 602 N.W.2d 179 (1999); State v. James, 203 Md. 113, 100 A.2d 12 (1953); and State v. Wood, 168 Minn. 34, 209 N.W. 529 (1926). Specifically, in Wisconsin v. Monarch, supra, the court found that the crime of nonsupport continues until the last date the defendant intentionally fails to provide child support that he is legally obligated to provide.
The Fifth Circuit’s decision in Edelkind, supra, and the other cases cited above provide this court with persuasive authority, which should have been considered by the district court in determining the nature of the offense |sfor the purpose of prescription. Based upon this persuasive authority and the statutory language, we conclude that the intentional failure to pay a child support obligation in violation of Section 75(C)(5) constitutes a continuing offense.
The record shows that as of the date when the applicable statutory provision took effect, the defendant had not paid his child support arrearage of more than $100,000. As a result, it matters not that defendant’s child attained the age of 18 on June 10, 2008, because a continuing offense, by its very nature, does not terminate until the date of the indictment or the voluntary termination of the illegal activity. Because the defendant never totally paid his child support arrearage, the offense was not completed until May 20, 2014, when the bill of information was filed. Thus, the district court erred in finding that the time to institute the prosecution had prescribed. Consequently, we shall reverse the trial court’s ruling granting the defendant’s motion to quash the bill of information and remand this matter for further proceedings.
CONCLUSION
For the foregoing reasons, the district court’s ruling granting the motion to quash is reversed and this matter is remanded with instructions to reinstate the bill of information.
DISTRICT COURT’S RULING GRANTING MOTION TO QUASH REVERSED; REMANDED WITH INSTRUCTIONS TO REINSTATE BILL OF INFORMATION.